# Appeal of the Second National Bank of Titusville.

1. Where real estate was purchased with partnership property and was used for partnership purposes, but the deeds by which the partners held the property were executed to them as tenants in common, the deeds, as to creditors, fixed the status of the property and that status could not be changed by parol.

2. The Second National Bank held several judgments against H. & B., jointly, and one against H. individually. The fund arising from the sale of certain real estate belonging to H. & B. sold at sheriff's sale was referred to an auditor for distribution. Although the deed for the property sold was to H. & B., as tenants in common, it was contended before the auditor that as it was in evidence the property was partnership property and that the bank

had notice thereof, therefore the individual judgment of H. should not be allowed to participate in the distribution, which contention the auditor and court sustained : *Held,* that this was erroneous.

3. The bank could not be affected by knowledge that the property was purchased with partnership funds or was partnership property, for as to its character the deeds which were of record determined that unalterably.

November 23d 1876. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS and MERCUR, JJ., absent.

Appeal from the Court of Common Pleas of *Crawford county :* Of October and November Term 1876, No. 166.

This was the appeal of the Second National Bank of Titusville from the decree of the court making distribution of the proceeds of the sheriff's sale of the real estate of E. T. Hall and H. C. Bosley.

Before the auditor appointed to distribute the fund in this case, it appeared that on the 1st of July 1870, Edward T. Hall and Henry C. Bosley entered into partnership under the firm name of Hall & Bosley. They were engaged in the sewing-machine business at first, and afterwards partly in that business and that of dealing in real estate. Their office was in Titusville. One lot sold by the sheriff on the writ in this case was bought by said Hall & Bosley, about January 1872, and upon this the firm afterwards erected a building. Another lot sold by the sheriff was bought by them in or about April 1872. The said lots were bought and the improvements made with partnership funds, and the lots and buildings were held and used for partnership purposes, but the deeds for said lots were made out to Henry C. Bosley and Edward T. Hall, in their individual names and without any reference to a partnership between them, and were recorded prior to August 27th 1872.

When Hall & Bosley concluded to build on the west lot, an arrangement was made by which the Second National Bank of Titusville loaned them money for said improvement on their notes, endorsed by H. M. Hall. Said H. M. Hall and the cashier of said bank, G. C. Hyde, it was alleged, knew for what purpose this money was to be used, and that the lots were partnership property, and who composed the firm of Hall & Bosley.

One of these notes, endorsed by H. M. Hall, was the individual note of E. T. Hall, and before the auditor it was contended, on behalf of the American Sewing Machine Company, a judgment-creditor of the partnership, that no part of the proceeds of this should be applied to any individual judgment against E. T. Hall, in preference to the Sewing Machine Company's judgment against E. T. Hall and H. C. Bosley as partners, the property sold having been partnership assets, and that the actual notice of the partnership received by the bank estopped it from making any claim upon the fund.

The contention on the part of the bank was, that as the deeds

for the two lots of land sold by the sheriff in this case are in the names of E. T. Hall and H. C. Bosley, and were recorded before August 27th 1872, and nothing is said in them as to the land being partnership property, the deeds control in this distribution.

The auditor was of the opinion that the bank had notice that the property was partnership property, and therefore was not entitled to any of the proceeds of the sale on the judgment against E. T. Hall.

Exceptions were filed to this report, which were overruled by the court and the report confirmed.

From this decree this appeal was taken.

*Roger Sherman*, for appellant.—The ruling of the court was in conflict with the principle of Ebbert's Appeal, 20 P. F. Smith 79.

*B. J. Reid*, for appellee.—As to the effect of actual notice, McDermot *v.* Laurence, 7 S. & R. 441; Lancaster Bank *v.* Myley, 1 Harris 550; Vandike's Appeal, 7 P. F. Smith 13; Overholt's Appeal, 2 Jones 222; Nice's Appeal, 4 P. F. Smith 201; Speer *v.* Evans, 11 Wright 144; M. & M. Bank *v.* Bank of Penna., 7 W. S. 335; Magaw *v.* Garrett, 1 Casey 322; Garrard *v.* Railroad Co., 5 Id. 158.

Mr. Justice GORDON delivered the opinion of the court, January 2d 1877.

This appeal is from the decree of the Court of Common Pleas of Crawford county, confirming the auditor's report making distribution of the proceeds of the sheriff's sale of real estate of E. T. Hall and H. C. Bosley.

The defendants, previously, and up to to the time of the sheriff's sale, had been, and were, doing business under the name of Hall & Bosley. The appellant owned several judgments against these parties jointly, and one against E. T. Hall alone. This latter judgment was entered to April Term 1873, on a note to H. M. Hall, dated August 30th 1872, and was assigned to the bank July 18th 1873. The auditor finds, that the partnership was formed July 1st 1870, that the real estate, from which the money now for distribution was made, was purchased, and that the buildings thereon erected were paid for with partnership funds, and that said property was used for partnership purposes. He finds, however, that the deeds by which they held the premises were executed to Henry C. Bosley and Edward T. Hall as tenants in common, without any reference to the partnership, and that they were recorded prior to the 28th of August 1872; that, at the time when Hall & Bosley determined to build on the lots thus deeded, the appellant loaned them money on their notes, endorsed by H. M. Hall; that said endorser and G. C. Hyde, the cashier of the bank, knew for what

[Appeal of the Second National Bank of Titusville.]

purpose this money was to be used, and that the lots were used as partnership property.

The auditor, thus finding that the bank had notice that the premises were held and used as the property of the firm of Hall & Bosley, refused to allow the individual judgment against E. T. Hall to participate in the fund, but gave preference to a subsequent one of The American Buttonhole, Overseaming & Sewing Machine Co. against Hall & Bosley. This was erroneous. As to creditors the deeds fixed the status of the property, and that status could not be altered by parol. As was said by Mr. Justice AGNEW, in Ebbert's Appeal, 20 P. F. Smith 79, "Partners, being the owners of the money which pays for the title, have the power of directing its application to suit their own purposes, and can, if they choose, always secure the identity of its character in the kind of title they take for it. If, therefore, they take title to themselves, as tenants in common, instead of as partners, they, by their own election, stamp the character of the title as to those who afterwards deal with them."

We cannot see, therefore, how the bank could be affected by knowledge that this property was purchased with partnership funds or used for partnership purposes ; for, as we learn from the case cited, whether it shall bear the character of partnership or individual property, depended not on the funds or purposes with or for which it was purchased, but upon the will of the partners themselves. When, therefore, they took the conveyances to themselves as tenants in common, they did that which it was lawful for them to do, and so it mattered not whether their creditors knew or did not know that the property was purchased with partnership funds, for, as to them, the deeds, which were of record, determined its character unalterably.

Decree reversed and a re-distribution ordered. It is further ordered that the appellee pay all costs.