# Erben *v.* Heston, Appellant.

*Partnership—Settlement with creditors—Contribution.*

On a bill in equity for contribution by one partner against another the plaintiff is entitled to recover, where it appears that by the express terms of their partnership agreement the parties were to share losses equally, that becoming insolvent the firm made an assignment for creditors, and plaintiff in addition made an individual assignment for creditors resulting in a considerable sum for creditors out of plaintiff's individual assets, and that the creditors, although not paid in full, in consideration of the two assignments, released the firm and the partners individually from all further claims. Bunting v. Bunting, 199 Pa. 27, distinguished.

Argued Jan. 21, 1902. Appeal, No. 328, Jan. T., 1901, by defendant, from decree of C. P. No. 2, Phila. Co., June T., 1894, No. 545, on bill in equity in case of Louis D. Erben v. Henry B. Heston. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity by one partner against another for contribution.

The referee, Henry P. Brown, Esq., found the facts as follows:

Prior to December 1, 1887, the plaintiff, Louis D. Erben, and defendant, Henry B. Heston, were engaged in carrying on the wool business in the city of Philadelphia, under the firm name of H. B. Heston & Company, in which firm Peter C. Erben, the father of the plaintiff, was the special partner. Peter C.

Erben died on October 28, 1887, and at the time of his death there was standing to his credit on the books of the firm, the sum of $75,000, which he had contributed in cash as special capital. Under the terms of his will a legacy was given to his son, the plaintiff, of $100,000, part of which was to consist of the $75,000 special capital in the said firm. At the time of the death of Peter C. Erben, the plaintiff was indebted to the said firm of H. B. Heston & Company in the sum of $23,617.98. On December 1, 1887, the said Henry B. Heston and Louis D. Erben entered into written articles of copartnership to carry on the business of general merchants, with the privilege of trading in merchandise generally, but principally in wool, under the firm name of Heston & Erben, for the term of three years and six months, to terminate on May 31, 1891. That the said Henry B. Heston contributed to the said firm the sum of $509.45, and the said Louis D. Erben $46,382.02. That the said sum of $509.45 was composed of a credit to the said Henry B. Heston in that amount, standing on the books of the old firm of H. B. Heston & Company. That the said sum of $46,382.02 was the balance of the said $75,000 bequeathed by the said Peter C. Erben to the said Louis D. Erben, after deducting the amount owing by the said Louis D. Erben to the old firm, as shown by its books. That all expenses of said business, and all losses and damages were to be sustained, paid and borne by and out of the gains and profits arising from said business; and in case the profits should become deficient, then by the said parties, in equal portions; and all net gains and profits were to be divided equally between them. Both parties were to be credited and debited at the end of each business year (i. e., May 31), with interest at the legal rate of interest for the state of Pennsylvania, on such sums as should be paid into or drawn out of the said copartnership.

That both of said parties devoted their whole time to the said business as provided in said articles of copartnership, and that each party had a like knowledge of the business in which they were engaged. That owing to their inability to meet their obligations the said copartners made a general assignment in trust for the benefit of their creditors on October 28, 1889, to George W. Fiss and Samuel Lee, and that on November 6, 1889, the said Louis D. Erben made an assignment of his individual as-

sets to the said trustees, for the benefit of the creditors of the said firm of Heston & Erben. That the said individual assignment was made by the said Louis D. Erben because the creditors would not unanimously agree to release the said firm unless this was done; and that in consideration of the said two assignments the creditors of the said firm, on November 6, 1889, executed a release to the said Henry B. Heston and Louis D. Erben of all claims against them. The trustees subsequently realized the sum of $7,389 from the individual assets assigned to them by the said Louis D. Erben.

That at the date of the said assignment, to wit: October 28, 1889, the capital standing to the credit of the said Louis D. Erben upon the books of the copartnership was $18,186.66, and that at that time there was no capital standing to the credit of the said Henry B. Heston on the said books, but he was indebted to the said firm in the sum of $9,830.64.

That the total assets realized by the said trustees from the firm and individual assignments were insufficient to pay the creditors of the said firm in full.

That by the terms of the said articles of copartnership an account was to be made on of May 31 each year, of the goods, etc., of the partnership and a balance struck, and each partner's private account settled and balanced and each partner credited or debited with his proportion of profits made or losses sustained; and the same was to be final and conclusive and should not be afterwards disturbed, except by reason of some mistake or manifest error being discovered, or by reason of fraud. That on May 31, 1889, preceding the date of the assignment, such an account was taken and on that date the amount standing to the credit of Louis D. Erben as capital on the books of the copartnership was $34,604.70, which was $16,418.04 in excess of the amount standing to his credit as capital when the said assignment was made on October 28, 1889, the said credit being on that date $18,186.66.

That on May 31, 1889, there was no capital standing to the credit of the said Henry B. Heston on the books of the said copartnership, but he was at that time indebted to the said copartnership in the sum of $6,569.64.

Included in the assets transferred to the firm of Heston & Erben at the formation of their copartnership of December 1,

1887, and which formed part of the $75,000 bequeathed to the said Louis D. Erben by the said Peter C. Erben, were the real estate occupied by the firm, furniture and certain accounts, which at the time they were transferred to the new firm, viz; December 1, 1887, were carried on their books at the following amounts:

| | |
|---|---:|
| Richard Mortimer & Son | $2,807.38 |
| J. D. Heston | 5,212.45 |
| J. B. Luccock | 524.34 |
| Joshua Pierce & Co. | 115.22 |

The claim against R. Mortimer & Son was uncollectible from a date in the latter part of 1887, and none of the above accounts were afterwards collected by the firm or by the trustees.

The real estate on December 1, 1887, was carried on the books of the copartnership at $33,118.16, on which there was a mortgage of $25,000, the equity at which it was carried being $8,118.16.

This real estate was sold by the trustees in liquidation for $1,552.50 above the amount of the mortgage against it at the time of the sale. It was then subject to a mortgage of $22,000, the mortgage of $25,000 having been paid by the copartnership and another mortgage for $22,000 having been created.

That the real estate was worth reasonably what it was sold for by the trustees, and that this was its value in November, 1887, at the formation of the copartnership.

The furniture was carried on the said books, at the formation of the copartnership, December 1, 1887, at $872.61. This furniture was subsequently sold by the trustees for $414.

That no mistake or manifest error has been discovered or fraud shown in the account made as of May 31, 1889.

That the said Henry B. Heston has not repaid to the said firm, or to Louis D. Erben, any part of the $9,830.64 owing by him at the time of the assignment.

That the said Henry B. Heston has not paid to the said Louis D. Erben any part of the said sum of $18,186.66 standing to the credit of the said Louis D. Erben on the books of the said copartnership at the date of the said assignment, nor

any part of the said sum of $7,389 realized from the individual assets assigned by the said Louis D. Erben.

That it has not been proven that the failure of the firm was due to the withdrawal of the moneys from the firm by the said Louis D. Erben, or that the assets of the firm were worth more than their liabilities at the time of the assignment; or that the forced liquidation resulted in heavy sacrifices and actual losses on the assets, or that the defendant's proportion exceeded in amount any of the claims of the plaintiff.

That the sum of $7,998.26 which the defendant claims was borrowed from the firm by the plaintiff, was charged to him on the books of the firm, and forms part of the reduction of his original contribution of capital from $46,382.02 to $18,136.66, the amount standing to his credit at the date of the assignment.

That the plaintiff requested the defendant to submit their differences to arbitration, and that the defendant has refused so to do.

The referee reported in favor of plaintiff, and exceptions having been subsequently dismissed by the court in an opinion by SULZBERGER, J., a decree was entered in favor of the plaintiff against the defendant for $22,011.45.

*Error assigned* among others was the decree of the court.

*E. Spencer Miller,* with him *Maurice G. Belknap,* for appellant. —The release which the creditors of Heston & Erben ultimately gave to the firm and the individual members, does not enable one of the partners to collect from the other reimbursement of the greater payments the former had previously made on account of firm debts: Martin v. Frantz, 127 Pa. 389; Wright v. Cudahy, 64 Ill. App. 453; Pegram v. Riley, 88 Ala. 399; 6 S. Repr. 753; Fletcher v. Grover, 11 New Hampshire, 368; Raiguel's App., 80 Pa. 234; Hoge's Est., 188 Pa. 527; Bunting v. Bunting, 199 Pa. 27; Baily's Est., 156 Pa. 634; Croft v. Moore, 9 Watts, 451; Ackerman's App., 106 Pa. 1; Goepel v. Swinden, 1 Downing & Lowndes, 888; Messer v. Swan, 4 N. H. 481; Eshleman v. Bolenius, 144 Pa. 269; Block v. Estes, 92 Mo. 318; 4 S. W. Repr. 731; Turner v. Davies, 2 Esp. 478; Bonney v. Seely, 2 Wendell, 481; Gillespie v. Creswell, 12 Gill. & J. 36; Seal v. Duffy, 4 Pa. 274.

Heston was not a grantor to Erben under general partnership law to the extent of a one-half share, against loss by the latter of his contribution to the firm : Everly v. Durborrow, 8 Phila. 93; Delp v. Edlis, 190 Pa. 25; Hasbrouck v. Childs, 3 Bosw. (N. Y.) 105; Yohe v. Barnet, 3 W. & S. 81.

*Henry C. Terry*, for appellee, was not heard.

OPINION BY MR. JUSTICE MITCHELL, May 5, 1902 :

Appellant and appellee were partners and though their contributions to the capital were very unequal, they agreed as found by the referee that " all expenses of said business, and all losses and damages were to be sustained, paid and borne by and out of the gains and profits arising from said business ; and in case the profits should become deficient, then by the said parties in equal portions ; and all net gains and profits were to be divided equally between them." Becoming insolvent the firm made an assignment for creditors, and plaintiff in addition, made an individual assignment to the same trustees who realized a considerable sum for the creditors out of plaintiff's individual assets. The creditors released the firm and the partners individually from all further claims, and the referee found that the release was in consideration of the two assignments. This finding is sufficient answer to the argument of appellant that plaintiff's individual assignment was voluntary and uncalled for and therefore could not afford any basis on which to charge defendant.

The main claim of defendant however is that as the creditors released without receiving payment in full and plaintiff therefore has not paid more than his proper half of the debts, he would not be entitled to contribution on general principles and cannot derive any right against his partner from the creditors' release of both. But no such question arises. The creditors having accepted settlement and given releases are out of the case. Whether they were paid in full or in part only is not material except as it may bear on the amount involved. Plaintiff's bill is founded on the defendant's express agreement in the partnership articles. By it the parties agreed to divide the losses equally, and they have not done so. On the contrary plaintiff has paid more than his share, and is for that reason

entitled to be reimbursed.   Authority is not needed for so obvious a proposition, but a ruling on the subject will be found in Emerick v. Moir, 124 Pa. 498.

The recent case of Bunting v. Bunting, 199 Pa. 27, has no bearing on the present contention.   It decided that there was no implied relation of suretyship among general partners to a special partner by which one of the former was bound to make good to the latter a loss on his capital occasioned by the failure of another to pay his indebtedness to the firm.   The present case does not deal with implied obligations of any kind, but with the express contract of the parties.

Judgment affirmed.