## Rosenberger v. Kuesel, Appellant.

*Partnership—Partnership property—Real estate—Record title— Tenants in common—Rights of individual creditors—Receivers.*

1. Real estate standing in the names of partners as tenants in common, may, as between them, be shown to be partnership property; but the rights of bona fide purchasers and lien creditors of the individual partners must be determined solely by the record title to the realty.

2. It is more than doubtful whether anything short of a conveyance, or a duly indexed proceeding showing that a court of record has been asked to reform the deed, or an actual decree of reformation, will affect the rights of a bona fide purchaser or lien creditor of such a tenant in common.

3. Where a receiver enters upon land for the purpose of taking possession of and selling partnership personalty thereon, the presumption is that he is in possession for that purpose only.

*Partnership — Sharing in losses — Accounting—Crossbill—Contribution—Act of March 26, 1915, P. L. 18.*

4. Under the Uniform Partnership Act of March 26, 1915, P. L. 18, in the absence of an agreement to the contrary, partners who are to share equally in the profits are equally responsible for the losses; and the partner who has contributed more than his share thereof, whether out of capital or otherwise, is entitled to enforce contribution from his copartners, to the extent of the excess amount which he has paid.

5. On a bill in equity for an accounting, the court should, so far as it is possible, award the fund on hand so as to give to each partner the amount he is entitled to have under the articles of co-partnership; and should, in addition, enter a decree requiring payment of any unpaid balance due from one partner to the other. This it should do in favor of a defendant, if he is legally entitled to be paid, though he has not filed a crossbill asking for such relief.

Argued January 9, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 25, Jan. T., 1928, by defendant, from decree of C. P. Bucks Co., April T., 1922, No. 1, on bill in equity, in case of John N. Rosenberger v. George C. Kuesel. Modified and affirmed.

Bill for dissolution of partnership. Before RYAN, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting record.

*E. Spencer Miller,* with him *John H. Schwarz* and *Henry A. James,* for appellant.—All property originally brought into the partnership stock or subsequently acquired, by purchase or otherwise, on account of the partnership, is partnership property: Shafer's App., 106 Pa. 49.

Creditors cannot, by judgments obtained after property has passed to a receiver, subject such property by ordinary execution to their claims, nor can they acquire judgment liens, under circumstances wherein their debtors do not still have a right of recourse to such property, superior to the custody of the receiver: Grove's App., 68 Pa. 143; Jones v. Weir, 217 Pa. 321; Miller's App., 35 Pa. 481; Jamison's Est., 163 Pa. 143; Peckham's Est., 35 Pa. Superior Ct., 330; Duplex Printing

Press Co. v. Pub. Co., 213 Pa. 207; Blum Bros. v. Bank, 248 Pa. 148.

For a partner to divert assets which are in lawful administration to wind up a partnership, to the private debt of such partner, to the loss of partnership creditors, or another partner who was in no way involved in the debt, is to perpetrate a fraud in law, and the creditor himself, where he instigates such an attempted misappropriation, or was a party to it, with complete knowledge of the facts, will not be awarded by the court fruits of such a conspiracy: Moore v. Wood, 171 Pa. 365; Rogers v. Batchelor, 12 Peters 221; Gallagher's App., 114 Pa. 353; Eichenlaub v. Hall, 163 Pa. 201; Werner v. Zierfuss, 162 Pa. 360.

Where a partner's individual creditor is enabled to exact payment out of assets which, as between the partners, are assets of the partnership, and his copartner is in consequence subjected to more than his share of the firm debts, the final decree should include an award of the excess of such charge, above the copartner's share, against the defaulting partner personally.

*Thomas Ross,* for Charles B. Rosenberger, appellee.— Land conveyed to partners in the partnership name is not in the same situation as if held by the same partners as tenants in common: Lazaran v. Semans, 79 Pa. Superior Ct. 356.

The deeds to Kuesel and John N. Rosenberger and the records thereof showed them to be individual owners each of a moiety in the real estate. Nothing appeared of record to modify that ownership or to indicate that the land in any way was partnership property: Hayes v. Treat, 178 Pa. 310; Lefevre's App., 69 Pa. 122; Ebbert's App., 70 Pa. 79; Gunnison v. Loan Co., 157 Pa. 303; Stover v. Stover, 180 Pa. 425.

*Thomas Ross,* with him *Harman Yerkes,* for John N. Rosenberger, appellee.

OPINION BY MR. JUSTICE SIMPSON, January 30, 1928:

One member of a partnership filed a bill in equity against the other, praying a winding up of the affairs of the firm and an accounting. This resulted in the appointment of a receiver, whose account, when filed, included moneys obtained from the sale of personalty belonging to the partnership, and of realty, which stood in the name of the partners as tenants in common. The latter sale was made by virtue of a consent decree, which provided that it should be without prejudice; the rights of all parties interested therein to be determined on the settlement of the receiver's account. By the final decree on the account, all the partnership creditors, and certain judgment creditors of the individual partners, were paid, and the balance of the fund for distribution was divided between the partners themselves. Three questions are raised on this appeal, which is taken by the defendant partner: (1) Was Charles B. Rosenberger, who is a judgment creditor of plaintiff, entitled to share in the distribution; (2) Was plaintiff entitled to any award in his favor; and (3) Should the court below have stated an account between the partners, and entered a decree in favor of appellant for the amount thus ascertained to be due to him?

On the first of these questions, we are clear that a correct conclusion was reached. While a long line of cases holds that real estate, standing in the name of the partners as tenants in common, may, as between them, be shown to be partnership property, it is equally well settled that the rights of bona fide purchasers and lien creditors of the individual partners must be determined solely by the record title to the realty. Appellant admits this to be the true rule, but claims it ceased to be applicable when the receiver was appointed and took possession of the realty; and hence, he says, appellee never acquired a lien, because his judgment was not entered of record until after that time. Though it is more than doubtful whether anything short of a convey-

ance, or a duly indexed proceeding showing that a court of record has been asked to reform the deed, or an actual decree of reformation, will affect the rights of a bona fide purchaser or lien creditor of a tenant in common (see Hale v. Henrie, 2 Watts 143; Ridgway, Budd & Co.'s App., 15 Pa. 177; Lefevre's App., 69 Pa. 122; Appeal of Second National Bank of Titusville, 83 Pa. 203; Holt's App., 98 Pa. 257; Warriner v. Mitchell, 128 Pa. 153; Gunnison v. Erie Dime Savings & Loan Co., 157 Pa. 303; Cundey v. Hall, 208 Pa. 335); yet, if we assume otherwise for the purpose of this appeal, still appellant's contention must fail, since the record is barren of any facts to support it.

The receiver was appointed January 18, 1922, by an order which simply says that, "by agreement of counsel for plaintiff and defendant, it is ordered and decreed that Wilmer A. Twining be appointed receiver of the within named partnership." It will be observed that this order does not assert that the real estate was or even might be partnership property; nor, so far as the printed record discloses, is there any such averment in the proceedings leading up to it. Nor is there anything to show that the receiver was authorized to. or did take possession of, or exercise any dominion over, the real estate until after the judgment was entered of record on February 11, 1922, though doubtless he was in possession of the partnership personalty thereon, preparatory to its sale. This, however, raises no presumption that he was in exclusive possession of the realty, as realty. On the contrary, the presumption is that he was not (Shafer's App., 106 Pa. 49), and the fact accords with the presumption. The first time the court, or its receiver, had anything to do with respect to the realty, was after June 2, 1922, when appellant petitioned for a rule to show cause why the receiver should not sell it as firm property, and this resulted in the consent decree, with all rights reserved, as hereinbefore set forth. We therefore hold that the award to the judgment creditor was

proper, because it was entered before anything appeared of record affecting his right to have a lien upon plaintiff's apparent interest as a tenant in common.

The second and third of the above questions may be considered together. After awarding payment of all the firm debts, and the lien claims against the shares of the individual partners in the realty, a balance remained which was directed to be divided pro rata between the partners according to their respective contributions. This was error; it should have been applied first to equalizing the contributions. The partnership articles do not specifically say that the partners are to contribute equally to the carrying on of the business, or to bear the losses equally; nor do they say anything to the contrary. They provide, however, that the profits shall be expended for the benefit of the partners equally, or be divided equally between them. In view of this, the Uniform Partnership Act of March 26, 1915, P. L. 18, determines what are the respective rights and duties of the parties. Section 18 (P. L. 22), provides that "The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules: (a) Each partner ......must contribute towards the losses, whether of capital or otherwise, sustained by the partnership, according to his share of the profits." And section 40 (P. L. 30), prescribes: "(d) The partners shall contribute as provided by section 18 (a) the amount necessary to satisfy the liabilities......(f) Any partner or his legal representative shall have the right to enforce the contributions specified in clause (d) of this paragraph, to the extent of the amount which he has paid in excess of his share of the liability." It is interesting to note that the duty to thus contribute has long been the law of Pennsylvania: Yohe v. Barnet, 3 W. & S. 81; Emerick v. Moir, 124 Pa. 498; Erben v. Heston, 202 Pa. 406. It follows, from what has been said, that the court below should have enforced that duty, so far as the fund

before it was concerned, before it awarded any part thereof to the debtor partner.

So, also, since this was a bill in equity for an accounting, there should have been a decree entered in favor of the creditor partner for such a sum as was found to be due to him. Having obtained jurisdiction of the parties and the subject matter, a court of equity should always "dispose of every subject embraced within the circle of contest, whether the question be one of remedy, or of distinct yet connected topics of dispute": McGowin v. Remington, 12 Pa. 56, 63; Myers v. Bryson, 158 Pa. 246; Hurst v. Brennen (No. 1), 239 Pa. 216, 223; Tide Water Pipe Co. v. Bell, 280 Pa. 104, 110-11. Appellant was entitled to such a decree in his favor, if the facts warranted it, though he did not file a crossbill praying an accounting. The general rule that a defendant cannot have affirmative relief unless he files a crossbill, does not apply in matters of accounting: Kelley v. Shay (No. 1), 206 Pa. 208; Findley v. Warren, 248 Pa. 315, 320; Shingle v. Smyth, 248 Pa. 359; 16 Cyc. 326; 1 Corpus Juris, section 90, pages 630-31, and section 119, page 639. Perhaps it may not be inappropriate to add that a decree for payment of the amount shown to be due cannot be enforced by attachment of the person of the debtor, but only by execution against his property: Com. ex rel. v. Heston, 292 Pa. 63.

The decree of the court below is modified by striking out the awards to the partners individually, and, as thus modified, it is affirmed; and the record is remitted with directions to state an account between the partners and to enter such a decree, in favor of one or the other or both of them, as to right and justice may belong.