Glenn *v.* Weill (Gleich, Appellant) et al.

Argued May 28, 1935. Before SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*George Wasser,* with him *Louis F. Adelman,* for appellant.

*E. O. Golden,* with him *A. E. Kountz,* of *Kountz & Fry,* for appellee.

OPINION BY MR. JUSTICE KEPHART, June 29, 1935:

D. Gleich & Company, a partnership formed April 14, 1928, was composed of Glenn, Weill and Gleich. Prior to that date, Gleich was the sole proprietor of the business. By the terms of the partnership agreement Gleich sold to Glenn and Weill each a "one-third interest in said business." Gleich was to receive a salary of $6,000 a year, and Weill a salary of $5,000 a year, while Glenn, who was not required to give his time to the business, was to receive $2,500 a year against his share of the net profits. The partnership was dissolved on December 31, 1931, by the expulsion of Glenn and Weill from the partnership place of business. As stated by the court below, Gleich "forced his partners out of the business." Thereupon Glenn filed a bill for an accounting, and the court below, after hearing, directed an account to be filed.

In the account filed each of the partners was credited with a one-third interest, or $12,207.59, in the original capital of the concern—$36,622.77. Glenn filed exceptions to the account, of which only the fifth, which was directed to this set-up, was sustained. The court below found this feature of the account to be improper and ordered the capital to be allocated according to the amounts contributed by the various partners: Gleich $1,622.77, Glenn $25,000, and Weill $10,000. The result of this adjudication is that Gleich owes the partner-

ship some $14,000 instead of $3,800 as initially stated, that there is due *to* Glenn approximately $9,000 instead of some $3,600 due *from* him, and that there is owed Weill approximately $5,000 instead of $7,000. From the final decree and account filed thereunder Gleich takes this appeal.

The only question before us is whether the capital contributed should be distributed in dissolution equally or in proportion to the amounts contributed by each partner. The agreement of partnership contains nothing as to capital contributions, but appellee averred in his bill that $35,000 of the invested capital shown on the partnership books was made up of $25,000 paid in by Glenn and $10,000 paid in by Weill. Gleich did not deny this averment and the court below was amply warranted in finding that Gleich's contention that the amounts put in the business by the other two partners were not contributions to the joint capital but were payments for an interest in his business was without merit. The court states: "It was always carried on the books as partnership capital and appears in the account as partnership capital, and we find as a fact that the sum of thirty-five thousand dollars was capital contributed to the partnership property by Glenn and Weill." Under these circumstances, the one-third interest in the business mentioned in the agreement was undoubtedly a one-third interest in the profits and losses, and in any surplus after paying all the debts.

It is firmly settled that upon dissolution of a partnership the assets are to be divided, after the payment of debts, to the repayment to the partners of their contributions to the firm capital. Section 18 of the Uniform Partnership Act of March 26, 1915, P. L. 18, provides that in the absence of an agreement to the contrary, "(a) Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property, and share equally in the profits and surplus remaining after all liabilities, including those to

partners, are satisfied; and must contribute towards the losses, whether of capital or otherwise, sustained by the partnership, according to his share in the profits." As we stated in Rosenberger v. Kuesel, 292 Pa. 184, 189, in considering the distribution of the property of a partnership on dissolution, "After awarding payment of all the firm debts . . . a balance remained which was directed to be divided pro rata between the partners according to their respective contributions. This was error; it should have been applied first to equalizing the contributions." There, as here, "The partnership articles do not specifically say that the partners are to contribute equally to the carrying on of the business, or to bear the losses equally; nor do they say anything to the contrary." See also Wood v. Wood, 312 Pa. 374. In Adams v. Hubbard, 221 Pa. 511, which was cited with approval in Wood v. Wood, supra, it is stated: "Where a partnership is dissolved and its affairs are wound up, there must be a return of the firm capital to the partners contributing it, in order that there may be a distribution of the profits. Each partner's contribution is regarded as a firm debt to such partner, which must be repaid before there are any profits to be divided. Where one partner has advanced capital in excess of another, the amount advanced is a preferred claim upon the property of the firm. The distribution of capital upon dissolution is in the same proportion in which such capital was furnished." See also Plumly's App., 1 Mona. 177.

And the right of any partner, on dissolution, to enforce contribution from his other partners, so that he may obtain the return of his contributed share of capital to the extent necessary to distribute the burden of liabilities according to the right of the respective partners to share in the profits, is equally well settled; it is expressly so provided in section 40 of the Uniform Partnership Act. See Yohe v. Barnet, 3 W. & S. 81; Emerick v. Moir, 124 Pa. 498; Erben v. Heston, 202 Pa. 406.

Thus, in Emerick v. Moir, supra, all of the capital of the partnership had been lost before the end of the period or term provided for in the partnership agreement and the partnership was dissolved by the order of the court; it was held that the partner who contributed the cash capital was entitled to recover one-half interest thereof from his copartner.

Appellant contends, however, it was expressly agreed that, on distribution, the partnership capital should be distributed equally, basing his argument upon the provision in the partnership agreement that his life should be insured in favor of the firm and that if one of the partners died, the surviving partners should "pay his heirs or executors one-third of the total capital and surplus at the time of his death." This argument might have some weight if the agreement had survived, but here dissolution occurred as a result of the voluntary act of one of the partners in locking the doors on his partners and forcing them out of the business. Especially under such circumstances, provisions in the partnership agreement relating to the payments to a deceased partner's representatives, and made for the latter's benefit, can have no relevance in considering the distribution of capital upon voluntary dissolution of the partnership during the lifetime of all the partners.

From the above discussion it necessarily follows that where, as here, the books of a partnership show an unequal contribution of capital and there is nothing in the partnership agreement to show the capital should not be returned in proportion to the amounts contributed, that return will be governed by the ordinary rule of law, which is: that the distribution of capital upon dissolution of a partnership is in the same proportion in which such capital was furnished.

The decree of the court below is affirmed at the cost of the appellant.