# Finletter, Appellant, *v.* Baum.

*Partnership—Accounting—Loss—Advances.*

In a partnership accounting where it appears that in respect to a particular transaction in oil, one of the partners advanced the money with which the first oil was purchased, and that the transaction subsequently resulted in a loss, the partner who advanced the money should be credited with the amount of the advance, and should be charged with one half the loss. The difference between the two amounts will be as to this particular transaction, the amount due to him from his copartner.

Argued Oct. 15, 1903.    Appeal, No. 160, Oct. T., 1902, by plaintiff, and cross appeal, No. 175, Oct. T., 1902, by defendant, from decree of C. P. Venango Co., Nov. T., 1898, No. 2, on bill in equity in case of Thomas K. Finletter v. William T. Baum.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Bill in equity for a partnership accounting.    Before CRISWELL, P. J.

From the record it appeared that plaintiff and defendant who were brothers-in-law entered into a partnership in 1879, for the purpose of buying and selling oil certificates, and later in the business of producing lubricating oil.    The partnership continued down to the date of filing the bill.    On March 1, 1900, after the bill was filed, the court entered a decree for an accounting by the plaintiff and defendant.    These accounts were duly filed, and at the hearing thereon before the court a large amount of testimony was taken.    A large number of questions were passed upon by the court, and as a result a decree was entered dissolving the partnership, and directing that defendant should pay to plaintiff the sum of $1,605.65.    It was also decreed that the personal property and real estate of the partnership should be sold, and a commissioner was appointed to make such sale.

*Errors assigned* on appeal and cross appeal were various findings and rulings of the court.

*T. D. Finletter* and *John O. McCalmont*, with them *Bryan H. Osborne*, for Thomas K. Finletter.

*C. Heydrick*, with him *C. I. Heydrick*, and *J. L. Nesbit*, for William T. Baum.

OPINION BY MR. JUSTICE FELL, January 4, 1904:

The statement of an account between the parties involved the examination of a number of distinct business transactions extending over a period of twenty years, in which they were interested as partners, of which no regular and accurate accounts had been kept. The laborious work imposed on the court was done with great care and patience, and except as to one account, as to which we think there was an oversight, we find nothing that would warrant a setting aside of any of the findings.

The light oil account, including a large number of items of the purchase and sale of oil, was opened in 1879 and closed in 1883, showing a net loss, after deducting error in addition, of $5,135.52. This loss was divided, to be borne equally by the parties, and the plaintiff was charged with one half of it. Afterwards it was shown that the plaintiff had advanced $4,804.80, with which the first oil was purchased. In a postscript account the defendant charges himself with one half of this sum, $2,402.40. The account as stated simply contains a statement of the amounts paid for the purchase of oil, and the amounts received from its sale, and shows a total loss, as before mentioned, of $5,135.52. If the plaintiff had advanced nothing, he would be chargeable on the books with one half of this loss. But since he made an advance, he should be credited with the whole thereof, $4,804.80, and charged with one half the loss, $2,567.76, and the difference, $2,237.04, is the amount due him on this account.

In reaching the result stated in the decree the plaintiff as to this account is charged with one half the loss, $2,567.70, and credited with one half of his advance, $2,402.40, which requires him to pay $165.36. As he had already paid $4,804.80, his loss is $4,970.16, out of a total loss of $5,135.52. The

defendant received on this account $4,804.80 and he now receives the difference between the amount with which he is credited $2,567.76 and the amount with which he is charged, $2,402.40, which is $165.36, making in all $4,970.16. He paid the loss, $5,135.52, and his net loss is $165.36. The loss in this account, which should be divided equally, is borne by one party to the extent of $4,970.16 and by other to the extent of $165.36. If the plaintiff is credited with the whole of his advance instead of one half thereof, his loss will be reduced by $2,402.40, and will be $2,567.76; and the defendant's loss will be increased by this half and will be $2,567.76, which will make an equal division of the whole loss, $5,135.52.

We have examined the report with much care to see whether the error in this account was corrected in the final summary of the various accounts. We do not find that it has been. The plaintiff is charged in the grand summary with $6,794.81, which is one half the total loss on all accounts, including this one; and the only credit given him is for $2,402.40 in his individual account. The decree of the court may be corrected by adding to the amount found to be due the plaintiff one half of his contribution to the light oil account. This account was closed May 18, 1883, and on the balance then due the plaintiff on it, he is entitled to interest to the date of the decree, August 7, 1902. This makes the whole amount due him $6,588.05. As thus modified the decree is affirmed at the cost of the appellee.

The cross appeal of the appellee is dismissed at his cost.