## Lyman *v.* Wood, Appellant.

Argued March 29, 1951. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ.

*Orrin E. Boyle,* for appellant.

*Sidney Friedman,* with him *Edwin K. Kline, Jr.,* for appellee.

Opinion by Ross, J., September 26, 1951:

This is an action of assumpsit brought by the plaintiff, Edwin S. Lyman, Jr., to establish his right to one-half of an escrow fund created in the following manner: On May 1, 1948, the plaintiff and the defendant, his mother-in-law, agreed to sell all the assets of an insurance business operated by them under the fictitious name of James W. Wood Agency. It was further agreed that the proceeds of such sale should be placed in the hands of their attorneys to pay the debts of the business and to hold the balance until the respective rights of the parties therein were determined. In July of 1948 the assets of the business were sold; and, after payment of creditors, and payment to the defendant of $2,177.26 admittedly owed to the agency by the plain-

tiff, the sum of $2,253.08 remained for distribution to the owners of the business.

The plaintiff based his right to recover in this action on his contention that a partnership existed between the parties and that consequently he was entitled to one-half of the amount remaining for distribution. The case was tried by a judge without a jury, who found in favor of the plaintiff and entered judgment in his favor in the amount of $1,126.54, being one-half of the amount for distribution. The defendant has appealed from that judgment.

This background is necessary for a proper understanding of the controversy: The plaintiff married the defendant's daughter in 1934 and shortly after his marriage went to work for the defendant's husband, James W. Wood, in his insurance agency at a salary of $20.00 a week. Mr. Wood died testate in February of 1936 leaving his entire estate, real and personal, to the defendant. The inventory and appraisement[1] filed in the course of administration included in the listing of personalty the assets of the decedent's insurance business. These assets were appraised at $13,860.58, this total being comprised of office furniture, $180.00; premium renewals, $4,898.64; accounts receivable, $3,240.16; and cash, $5,541.78.

For a month following the death of his father-in-law, the plaintiff conducted the insurance business without receiving any salary or other compensation. The business at this time, while solvent in the technical sense, had insufficient liquid assets to meet obligations to various insurance companies for premiums collected by the decedent but not paid over to the companies. Rather than permit the business to fail for lack of credit by paying these debts in the normal course of administration with funds realized from the liquidation

---

[1] Introduced into evidence by the plaintiff.

of the decedent's assets, the defendant met the obligations to the insurance companies with $10,000.00 she had received as beneficiary of her husband's life insurance.

The plaintiff testified that in March of 1936 he and the defendant orally agreed to enter into a partnership for the purpose of engaging in the general insurance business, he to receive a salary of $35.00 a week and one-fourth of the profits. In 1940, he testified, the parties agreed to restrict the defendant's share of the profits to $100.00 a month and that this arrangement was followed until dissolution of the firm in 1948. At the trial, the defendant denied entering a partnership agreement with the plaintiff and claimed sole ownership of the business.

The court below found that a partnership existed between the parties and the first question before us is whether there is evidence to support this finding, and we are agreed that there is. On March 18, 1936, the plaintiff and the defendant registered the fictitious name of "James W. Wood Agency" and set forth in the application that the plaintiff and the defendant were interested in said business. The parties established a checking account in the firm name and both had the right to withdraw funds. The parties entered into agency agreements with various insurance companies and these agreements were executed by the plaintiff as partner. Partnership income tax returns were filed for the agency, and the defendant on her individual returns reported all income received from the agency as income received from a partnership. The plaintiff was not treated as an employe. No social security taxes were paid on his salary or share of the profits; no income tax was withheld from him; and no workmen's compensation insurance was carried to cover him. This evidence supports the finding that a partnership exist-

ed between the parties. Cf. *Northampton Brewery Corp. v. Lande,* 138 Pa. Superior Ct. 235, 10 A. 2d 583.

The mere fact that a partnership existed, however, does not put an end to the case. There remains the question of the respective interests of the partners in the fund held by their attorneys. Our Uniform Partnership Act of March 26, 1915, P. L. 18, Part VI, section 40, 59 PS 102, under the heading "Rules for Distribution", makes provision for the settling of accounts between partners after dissolution. The following language from the statute is applicable: "In settling accounts between the partners after dissolution, the following rules shall be observed, subject to any agreement to the contrary: . . . (b) The liabilities of the partnership shall rank, in order of payment, as follows:

"I.   Those owing to creditors other than partners,

II.   Those owing to partners other than for capital and profits,

III.   Those owing to partners in respect of capital,

IV.   Those owing to partners in respect of profits."

There being no agreement to the contrary, the statutory preference with respect to order of payment must govern. It is the contention of the defendant that the sum in the hands of the attorneys should go to her to repay her capital contribution to the firm. The plaintiff, on the other hand, contends that no capital asset was contributed to the business by either party, and hence that neither party is entitled to distribution priority.

Admittedly the plaintiff made no capital contribution to the partnership. However, the evidence supports the trial judge's finding that the defendant did, the court's conclusion being that: "The defendant contributed to the firm the renewals of James W. Wood appraised at $4,898.64 and his office furniture appraised at $180.00."

Since the defendant's capital contribution equals or exceeds the sum held by the attorneys for the parties, section 40, paragraph III of the Partnership Act, supra, requires that the whole of the fund shall be turned over to her as a liability of the partnership owing to a partner "in respect of capital".

Judgment reversed and the record remitted to the court below with direction to enter a judgment in accordance with this opinion.