## R. L. SMITH v. MARSHALL SHETTER.—277 S. W. (2d) 464.

Middle Section at Nashville.   November 5, 1954.

Petition for Certiorari denied by Supreme Court, March 11, 1955.

Jeff D. Fults, of Tracy City, for complainant.

Joe R. Hickerson, of Winchester, for defendant.

HOWELL, J. This is a suit to wind up an insolvent partnership between the parties R. L. Smith, the complainant and Marshall Shetter, the defendant.

The case was heard by the Chancellor and a reference was ordered to the Clerk and Master, directing him to hear proof and report how much had been contributed by each partner to the common account and whether or not either partner owed the other in connection with the purchase and operation of a partnership truck.

The report of the Clerk and Master was filed and exceptions to this report were filed by both parties. Upon the hearing the Chancellor concurred with the Master in the findings of fact as to the amounts contributed by each partner but disagreed with the Master upon the statement of the account. The Master's figures showed that R. L. Smith was due his partner Marshall Shetter the sum of $1,279.75. The opinion and decree of the Chancellor found that as a result of the purchase and operation of the truck, the defendant Shetter was entitled to a judgment against the complainant R. L. Smith for $26.75 and to that extent sustained the exceptions to the Master's report and adjudged the costs to be paid one half by each party.

Both parties have appealed to this Court and have assigned errors.

We have carefully examined this complicated accounting and considered the assignments of error and briefs and argument of counsel and are satisfied that a proper statement of the account must be made under Sections 7857 and 7879 of the Code of Tennessee which are in part as follows:

"7857. Rules determining rights and duties of partners.—The rights and duties of the partners in relation to the partnership shall be determined, sub-

ject to any agreement between them, by the following rules:

"(a) Each partner shall be repaid his contribution, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities including those to partners are satisfied, and must contribute towards the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits."

"7879. Rules for distribution.—In settling the accounts, between the partners after dissolution the following rules shall be observed, subject to any agreement to the contrary:

"(a) The assets of the partnership are (1) the partnership property; (2) The contributions of the partners necessary for the payment of all the liabilities specified in clause (b) of this paragraph.

"(b) The liabilities of the partnership shall rank in order of payment, as follows: (1) those owing to creditors other than partner; (2) those owing to partners other than for capital and profits; (3) those owing to partners in respect of capital; (4) those owing to partners in respect of profits."

The report of the Clerk and Master concurred in by the Chancellor shows the amounts of the contributions of each partner as follows:

"Contributions of Marshall Shetter to Partnership

| | |
|---|---|
| Cost of new truck | $2,892.00 |
| Cost of having truck cut down | 45.00 |
| Cost of trailer rent | 88.00 |
| Cost of putting gas tanks on truck | 35.00 |
| Cost of tires and gas | 220.00 |

| | |
|---|---:|
| Cost of cross cut saw | 111.00 |
| Judgment against complainant paid off by defendant | 113.00 |
| Total | $3,504.00 |
| Received for his share of the sale of truck | 500.00 |
| Net contributions | $3,004.00 |

Contributions of R. L. Smith to Partnership

| | |
|---|---:|
| Value of truck traded in (This was a highly controverted question of fact) | $1,000.00 |
| Two and one-half payments of $90.10 each on new truck | 224.25 |
| His share of sale of new truck | 500.00 |
| Total contributions by R. L. Smith | $1,724.25 |

Recapitulation

| | |
|---|---:|
| Contributions of Marshall Shetter to Partnership | $3,004.00 |
| Contributions of R. L. Smith to partnership | 1,724.25 |
| Amount which Marshall Shetter contributed to the partnership in excess of the amount which R. L. Smith contributed | $1,279.75" |

The recapitulation shows that the defendant Shetter contributed $1,279.75 more to the partnership than the complainant Smith and that a proper accounting shows that the partnership is indebted to Shetter in that amount. One half of this amount is therefore owing by the complainant to the defendant Shetter and he is entitled to a judgment against the complainant for $639.-87.

We think the Chancellor did not abuse his discretion in ordering the costs adjudged one half against

each of the parties and we adjudge the costs of the appeal in the same manner.

We are presented with a motion to strike certain parts of the record which is overruled.

It results therefore that a judgment will be entered here in favor of the defendant Marshall Shetter and against the complainant R. L. Smith for $639.87 and one half of the costs.

The defendant will pay one half of the costs of the appeal.

Felts, P. J., concurs.

Hickerson, J., not participating.

Modified and affirmed.