Herrick, Appellant, *v.* Caldwell.

Argued March 23, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Kenneth W. Rice,* with him *Carmen V. Marinaro,* for appellant.

*Lee C. McCandless,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, May 23, 1955:

The appellant, Dr. R. B. Herrick, a partner in a drive-in theater business located in Butler Township, Pennsylvania, brought an action in equity against the appellees, Aven B. Caldwell, Jr. and William L. Schultz, his copartners, praying for a decree of dissolution, an accounting and distribution of the assets, and the appointment of a receiver. After the appellees by answer joined in the prayer, the court by an order dated May 7, 1952 appointed a receiver and directed him to wind up the business of the partnership and subject to the court's order to distribute the partnership assets after payment of the firm's debts. On June 6, 1952 the court confirmed a sale of the partnership property for the sum of $45,500 and on July 22, 1952 the receiver filed a report of all receipts and disbursements of the partnership showing a balance on hand of $42,254.25 together with a proposed schedule of distribution. Exceptions filed to this report by appellant, and to a subsequent order of court by both parties to the controversy were ultimately resolved in appellees' favor and a final decree was entered by the court on November 24, 1954[1] approving the schedule of distribution filed by the receiver. The present appeal at No. 60 March Term, 1955 is taken therefrom. Another appeal by the same appellant at No. 61 March Term, 1955 was abandoned at oral argument since it was taken from a decree entered April 14, 1952, well beyond the three month statutory limitation.

Although extremely complicated by the protracted proceedings below, the material facts are not in dispute and the principal legal question presented is a narrow one: Whether the partnership agreement provided a

[1] The term of Judge PURVIS having expired, Judge SHUMAKER, who succeeded him, entered this decree following argument on the exceptions filed to Judge PURVIS' disposition of the case.

method for distributing the assets upon dissolution contrary to that prescribed in the Uniform Partnership Act (Act of March 26, 1915, P.L. 18, 59 PS §102).

In April of 1947 the parties entered into written articles of partnership for the purpose of operating a drive-in theater registered under the fictitious name Butler Drive-In Theater. The agreement provided, inter alia, that each of the appellees would contribute $5,000 to the joint venture and appellant all the remaining funds that should prove necessary to operate the business in excess of the $10,000 to be contributed by the appellees. The appellees were each to receive a salary of $50.00 per week for handling the managerial details of the theater. The agreement further stated in paragraph 4 that "The parties shall be deemed to own in said joint venture *in or the accounting of the proceeds or profits* as follows: R. B. Herrick 51% A. B. Caldwell 1/2 of 49% William S[c]hultz 1/2 of 49%" (Emphasis supplied).

The theater opened on August 27, 1947. It was agreed that the total capital investment to July 31, 1951 was $50,364.57. To this amount the appellant admittedly contributed $11,682.30 and the appellees gave nothing. The balance required to finance the enterprise consisted of loans advanced to the partnership by outside interests which were repaid out of the profits of the business. On August 20, 1949 the appellees filed a bill in equity praying that the parties be adjudicated a partnership, each owning an undivided one-third interest and that the appellant account for the receipts and disbursements of the partnership. After hearing, the chancellor, Judge PURVIS, entered a decree directing the appellees and appellant to account to each other within 30 days on the basis set forth in paragraph 4 of their agreement; otherwise a master would be appointed to state an account between them.

Exceptions filed by the appellees to the findings of fact and conclusions of law were subsequently dismissed by agreement and two stipulations of record signed by the parties and their attorneys were filed on July 20th and November 19, 1951. In the earlier stipulation they agreed to account to each other on the following basis after establishing the capital investment and operating expenses to July 31, 1951:

(a) That the capital investment be divided between the parties in accordance with the original agreement, $5,000 together with interest being charged to each of the appellees and the balance with interest being charged to appellant.

(b) That all money over and above the current operating expenses be determined to be profit which was to be applied to the individual obligations above set forth plus any contributions made by the individuals.

(c) That the profit remaining after the payment of the partners' capital contributions should be distributed in accordance with paragraph 4 of the agreement.

(d) That the amount owed by each to the other be determined and charged against the debtor's interest in the land, equipment and future earnings of the partnership.

The second stipulation provided as follows:

"In accordance with Stipulations heretofore filed, the parties further stipulate as to the accounting as follows:

I

That they have established the capital investment to July 31, 1951, to be $50,364.57.

II

That the parties establish the current operating expenses down to July 31, 1951, have been $79,967.62.

### III

That in dividing the capital investment in accordance with the terms of the original Agreement there is charged to Aven B. Caldwell, Jr., $5,000 plus interest of $800.77, totaling $5800.77; to William L. Schultz $5,000 plus interest of $800.77 totaling $5800.77; to Dr. R. B. Herrick $40,364.57 plus interest of $4369.38, totaling $44,733.95.

### IV

That the gross income from said operation to July 31, 1951, amounts to $122,393.55 and that the current operating expenses amount to $79,967.62 leaving a net profit of $42,425.93. This profit is divided as follows:

| | | |
|---|---:|---:|
| Fifty-one (51%) per cent to Dr. R. Herrick or the sum of ............... | | $21,637.21 |
| Twenty-four and one-half (24 1/2%) per cent to Aven B. Caldwell, Jr., or the sum of .......................... | | 10,394.36 |
| Twenty-four and one-half (24 1/2%) per cent to William L. Schultz or the sum of .............................. | | 10,394.36 |
| Aven B. Caldwell, Jr.— | | |
| Profit .................... | | 10,394.36 |
| Less his obligation ......... | 5,800.77 | |
| Less amount drawn out .... | 474.81 | 6,275.58 |
| Net profit .......................... | | 4,118.78 |
| William L. Schultz— | | |
| Profit ................... | | 10,394.36 |
| Less his obligation ......... | 5,800.77 | |
| Less amount drawn out ..... | 474.81 | 6,275.58 |
| Net profit .......................... | | 4,118.78 |
| Dr. R. B. Herrick— | | |
| Profit ................... | | 21,637.21 |

| | | |
|---|---:|---:|
| Less his obligation ... ..... | 44,733.95 | |
| Less his withdrawal ....... | 474.81 | –45,208.76 |
| Deficit ........................... | | –23,571.55 |
| Less amount paid into the partnership by Dr. Herrick ................... | | 11,682.30 |
| Leaving a balance owed of ............ | | 11,889.25 |

V

That the Chancellor shall state and apportion the accounts between the partners themselves and the profits or losses to be made good between them. . .".

In accordance with the stipulations Judge PURVIS entered a decree on April 14, 1952 adjudging that the sum of $4,118.78 was due each of the appellees by the partnership which amounts were to ". . . be chargeable against and be adjusted on any liquidation of the partnership . . .". As previously noted, no appeal was taken by the parties from this decree within the statutory period. Following the entry of that decree the income or profits continued to be applied toward capital investment. Ten days after the court's decree of April 14, 1952 appellant filed the present bill in equity alleging the appellees' refusal to permit him to participate in the business and praying for a dissolution of the partnership and the appointment of a receiver, in which appellees joined.

Section 102 of the Uniform Partnership Act provides: "In settling accounts between the partners after dissolution, the following rules shall be observed, subject to any agreement to the contrary: . . .

(b) The liabilities of the partnership shall rank, in order of payment, as follows:

I Those owing to creditors other than partners,

II Those owing to partners other than for capital and profits,

III Those owing to partners in respect of capital,

IV Those owing to partners in respect of profits . . .".

The agreement in the instant case makes no reference whatever to dissolution but it does provide in paragraph 4 that "The parties shall be deemed to own in said joint venture *in or the accounting of the proceeds or profits* as follows: R. B. Herrick 51% A. B. Caldwell ½ of 49% William S[c]hultz ½ of 49%". The court below (SHUMAKER, J.) was of the opinion that this clause set forth the interest of the parties upon dissolution and therefore the agreement governed irrespective of the amount of capital which any partner may have contributed to the undertaking. It is appellant's contention that this language of the agreement does not eliminate the operation of the Uniform Partnership Act and consequently his capital contribution of $11,682.30 should be allowed as a preferred claim.

We would be inclined to agree with the lower court's conclusion had the clause in question read: "The parties shall be deemed to own in the joint venture" the stated percentages without more. The provision would then appear to be sufficiently broad to embrace any accounting between the partners, not only as to the division of profits but capital as well, including the dissolution of the common venture. However, as worded, the question arises whether the parties intended the proportionate amounts to control in all instances. To ascertain the true meaning of the language, resort must be had to the entire agreement. The three preceding paragraphs of the agreement concern the respective amounts which each partner is to contribute to the business and then designate the interest of the partners as outlined in paragraph 4 as their *share in the profits upon each monthly accounting.* The succeeding paragraphs speak of the partners sharing

". . . in the profits at the end of each month in accordance with the share of the profits above mentioned.", reference obviously being made to paragraph 4. When the clause in question is construed in the light of the whole agreement, the chancellor's conclusion cannot be sustained. For all that appears, the parties intended the formula specified to be controlling solely in determining each partner's share in the profits on the basis of monthly accountings. The agreement is wholly silent as to the distribution of partnership assets upon dissolution and relates only to the division of profits, not capital; consequently the statutory preference with respect to order of payment must prevail: *Lyman v. Wood*, 169 Pa. Superior Ct. 512, 516, 83 A. 2d 420.

Turning then to the application of the Uniform Partnership Act to determine what is owing to the partners in respect of capital, the stipulations entered into by the partners in the prior proceeding cannot properly be ignored. The method of accounting therein provided, agreed to by all the parties and their attorneys and made a matter of record, was in effect an account stated: See *Robbins v. Weinstein*, 143 Pa. Superior Ct. 307, 17 A. 2d 629; *Leinbach v. Wolle*, 211 Pa. 629, 61 A. 248. The court by its order of April 14, 1952 found that after the partners' shares in the profits were applied toward their capital contributions, undistributed profits aggregating $8,237.56 were owing to appellees by the partnership and appellant was indebted to the partnership in the sum of $11,889.25. The sum of $8,237.56 was determined to be due to the appellees by virtue of the fact that they had only agreed to invest respectively the equivalent of 10%[2] in

[2] Inasmuch as the articles of partnership called for a capital contribution of $5,000 from each of the appellees, and the agreed upon capital investment was $50,364.57, the amount that should have been paid by the appellant was fixed at $40,364.57, or cor-

the business, whereas each actually paid, according to a finding by Judge PURVIS, 24 1/2%, his share of the profits, to discharge an indebtedness which should have been paid by appellant. As a result the court decreed that this amount ". . . shall be chargeable against and be adjusted on any liquidation of the partnership or profits derived from the operation of the Butler Drive-In-Theater.".

The court below being of the opinion that the parties had in their agreement set forth their interest on dissolution, it disregarded the amounts deducted from their share of the profits to meet their agreed upon contributions and considered only what might be termed excessive contributions. Under our construction of the agreement, the stipulations must be considered in their entirety and a fortiori the amounts credited and debited to the partners therein with respect to their original contributions must be accorded the same recognition as the excessive contributions. In stating the accounts of the individual partners with the firm, each partner should be charged with everything which he should justly pay or account for in the firm and credited with everything which the firm should pay or account for to him: *Finletter v. Baum,* 207 Pa. 361, 56 A. 941. The primary purpose of the stipulations in the instant case was to determine and adjust the partners' original capital obligations inter se. They reflected what actually transpired during the life of the partnership in that the greater part of the capital investment was actually paid by applying each partner's respective interest in profits to capital. The partners are bound by their stipulations and the unappealed from decree: *Moffett et al. v. Peirce et al.,* 344 Pa. 16, 24 A. 2d 448.

---

respondingly about 80% contribution by Herrick, 10% by Caldwell and 10% by Schultz.

In making distribution under the Partnership Act, appellant must be charged with the amount by which his contribution to the firm capital fell short of what he was obliged to contribute.[3] The amounts adjudged to be due the appellees are then payable out of the assets thus ascertained, together with any additional sums owing to them which were applied to capital since the time the stipulations were filed. The amount then remaining should be distributed among the partners according to their respective capital contributions, taking into consideration each partner's share of profits which was applied to capital as set forth in the stipulations. Since there is nothing in the partnership agreement to show the capital should not be refunded in the proportion in which it was contributed, its return should be in the same proportion in which it was furnished, namely, 10% to Caldwell, 10% to Schultz and 80% to Herrick: *Glenn v. Weill (Gleich) et al.*, 319 Pa. 380, 384, 179 A. 563.

The decree is reversed and the record is remanded to the court below with direction to make distribution in accordance with this opinion. Each party to pay his own costs.

---

[3] From the stipulation this amount would appear to be $11,889.25.