[Civ. No. 24442.   Second Dist., Div. Three.   Oct. 28, 1960.]

CHARLES GOLDSTEIN, Appellant, v. SOL BURSTEIN et al., Respondents.

S. S. Schwartz for Appellant.

No appearance for Respondents.

SHINN, P. J.—Charles Goldstein brought suit against Sol Burstein, Samuel Goldberg, Richard Primm, Harold Rosenberg and Joe Zelman for an accounting of a partnership following its voluntary dissolution and he appeals from the judgment on the judgment roll.

By written agreement, which was undated but was found by the court to have been executed on or about October 24, 1955, the parties entered into an agreement to engage in a wholesale food business during and until such time as the partnership should be terminated by mutual agreement or by operation of law. The capital of the partnership consisted of $20,000 contributed by Goldstein, $5,000 contributed by Burstein and $740 contributed by Zelman. It was provided that each of the partners, except Burstein, should devote all of his time, services, influence and experience to the partnership business and each, including Burstein, was to receive a drawing account as salary for services rendered which was not to be charged to his share of the profits, as follows: Goldstein $200 per week; Zelman $200 per week; Goldberg $200

per week; Burstein $50 per month; Primm $150 per week; Rosenberg $150 per week. In addition, each partner was to have the use of a company car, the partnership to pay all expenses of the same. The partnership was dissolved by mutual consent July 1, 1956. In eight months it had lost $37,865.60, including its entire capital.

It was further provided in the agreement "at the end of each year, a careful inventory and statement of the business of the company for the preceding year shall be taken and the net profit, if any, for the preceding year shall be divided between the partners in the following proportions: Goldstein 27.5%; Zelman 27.5%; Burstein 10%; Primm 7.5%; Rosenberg 7.5%; Goldberg 20%. In case said inventory and statement shall show loss for the preceding year said loss shall be charged against each interest in like proportionate manner."

In addition to $5,000 contributed as capital, Burstein loaned the partnership $10,000. At the time of dissolution the debts of the partnership had been paid with the exception of a balance owed to Burstein, who took over the remaining assets of the partnership in partial satisfaction of the money he had advanced, which left the partnership owing him $3,626.05.

By its findings and judgment the court charged the various partners with their proportions of the above indebtedness to Burstein equivalent to their percentages of profits as above stated. This was the only remaining operating loss.

The court did not take into consideration in determining the rights of the parties respecting contributions the matter of the loss of capital. The only question which we find it necessary to decide is whether, under applicable law, the respective partners should be charged with their proportionate shares of the losses of capital in an adjustment of the partnership affairs. ▮▮▮ We have concluded that in determining the obligations of the partners to contribute toward the losses the court should have included the losses of capital, as well as the debt to Burstein.

Section 15018 of the Corporations Code (Uniform Partnership Act) provides in part as follows: "The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules: (a) Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and must contribute toward the losses, whether of

capital or otherwise, sustained by the partnership according to his share in the profits.''

Section 15040 provides: ''In settling accounts between the partners after dissolution the following rules shall be observed, subject to any agreement to the contrary: (a) The assets of the partnership are: I. The partnership property, II. The contributions of the partners necessary for the payment of all the liabilities specified in clause (b) of this paragraph. (b) The liabilities of the partnership shall rank in order of payment as follows: I. Those owing to creditors other than partners, II. Those owing to partners other than for capital and profits, III. Those owing to partners in respect of capital, IV. Those owing to partners in respect of profits.''

[■] In order to impose upon the partners a duty to contribute to losses of capital it was not necessary that that liability be created by a specific provision of the contract to that effect. For the partners to be relieved of that obligation it would have been necessary for them to agree that their contributions, if any, should be limited to losses sustained in the operations. This is the plain meaning of section 15018, which provides that the obligation to contribute toward capital and other losses is subject to any agreement of the parties. Although the code sections which we have quoted are controlling it may be noted that they merely express the general rules respecting the duty of the partners to contribute to losses of capital. (See Burdick, The Law of Partnership, (3d ed.) p. 362; Gilmore, Handbook of the Law of Partnerships, p. 135; Rowley, Modern Law of Partnership, p. 417; Lindley, Law of Partnership, vol. 2, p. 367; Sugarman, The Law of Partnership, (2d ed.) p. 74; 68 C.J.S. 903; 47 C.J. 1170.)

The action was dismissed as to Primm. His elimination from the case did not have the effect of increasing the liabilities of the other partners in the accounting. The combined contributions to capital losses will be 92½ per cent of the same.

There are certain provisions of the judgment which have become final and cannot be disturbed, namely, Goldberg owes Burstein $725.22, Zelman owes Burstein $997.17, Rosenberg owes Burstein $271.96, as contributions toward the debt of $3,626.05. Upon other accounts Goldberg owes Goldstein $275; he owes Zelman $275; he owes Rosenberg $75 and Burstein $100. Goldstein owes Zelman $54.45; he owes Rosenberg $14.85; he owes Goldberg $39.60. Interest at 6 per cent per annum from July 1, 1956, was allowed on each of the afore-

said amounts. Goldstein does not question the items which affect him.

Our concern is with those provisions of the judgment which affect the respective rights and duties of the three partners who contributed capital. It provides that Goldstein owes Burstein $1,016.97 with interest at 6 per cent from July 1, 1956. This sum is made up of $997.17 as Goldstein's liability of 27.5 per cent of the firm's indebtedness to Burstein in the amount of $3,626.09, plus 10 per cent of $197.99, which latter amount Goldstein had collected for the partnership. It is not questioned that $1,016.97 is the correct amount of Goldstein's contribution toward the debt owing to Burstein.

Goldstein by his complaint, Burstein by answer and cross-complaint and Zelman by answer, sought contributions from the others for their capital losses, namely, Goldstein's $20,000, Burstein's $5,000 and Zelman's $740.

Goldstein, having appealed from the judgment, is entitled to have the same corrected so as to impose upon all his partners their proportionate liability toward reimbursement of his loss. At the same time it would result from the facts alleged in Goldstein's complaint, that if he was entitled to contributions for his capital loss from Burstein and Zelman, they also would be entitled to contributions from him for his proportions of their capital losses. Goldstein's complaint necessarily created an issue as to the amounts he might owe Burstein and Zelman as contributions toward their losses.

It may be appropriate at this point to outline the issues that were before the trial court. First, there were matters connected with the operation of the business which would result in charges and credits between the partners. As previously stated, these are not before us for review. Second, there was the matter of contributions to Burstein by all the partners toward the debt owing to him. As to those no question is presented. Third, there were the claims of Goldstein, Burstein and Zelman against each other and against the other partners for contributions toward their respective capital losses.

Goldstein, who has appealed from the judgment, has a right to recover from each of his copartners a proportionate contribution toward his capital loss of $20,000.

Burstein and Zelman, not having appealed, are bound by the judgment, to the extent that they may not now claim as against each other, or against Rosenberg or Goldberg, a contribution toward their respective capital losses.

The situation of Goldstein, Burstein and Zelman, as among

themselves, is different. Under the findings Burstein owes Goldstein 10 per cent of $20,000, or $2,000; Goldstein would owe Burstein $1,016.97 as a contribution toward the debt due Burstein and also $1,375 as 27½ per cent of Burstein's capital loss of $5,000, or a total of $2,391.97. Zelman would owe Goldstein $5,500, being 27½ per cent of $20,000, and Goldstein would owe Zelman $203.50, being 27½ per cent of Zelman's loss of $740.

The next question is whether, in the absence of an appeal by Burstein or Zelman, their claims against Goldstein must be given effect. Our answer is an affirmative. There was no necessity for an appeal by either, since their rights of contribution from Goldstein are established by the findings. Goldstein's appeal requires a decision as to the amounts owing him by Burstein and Zelman. Manifestly, he cannot receive more than he is entitled to under the findings. However, the fact that Burstein and Zelman have not appealed does not deprive them of their right to have Goldstein's claim reduced by offsets established in their favor by the findings. They are in a purely defensive position and did not lose that position by failing to appeal.

While Burstein owes Goldstein $2,000, this is offset in the amount and to the extent of $2,000 of Goldstein's debt to him. To this extent the claims are deemed to be satisfied; Burstein owes Goldstein nothing (Code Civ. Proc., § 440). But there remains due Burstein $391.97 and there is a question whether it is a debt that is enforceable in view of the fact that Burstein has not appealed. We hold that it is not to be considered. His claim is recognized to the extent of $2,000 because Goldstein on his appeal can recover no more than is due him upon a balancing of accounts. But Burstein, not having appealed, is no more entitled to an affirmative judgment against Goldstein than he would be entitled to recover portions of his capital losses from Rosenberg, Zelman or Goldberg.

Goldstein's contribution due to Zelman of $203.50 should be offset against his debt to Goldstein.

The judgment must be reversed and a new judgment entered. In accordance with the former judgment the new judgment will take into account that Goldstein owes Zelman $54.45; he owes Rosenberg $11.45 and he owes Goldberg $39.60 as their shares of the sums collected by Goldstein for the firm. The new judgment should recognize that Goldberg owes Burstein $725.22 plus $100; Zelman owes him $997.17 and

Rosenberg owes him $271.96 as contributions toward the debt of the partnership to him. Goldberg owes Zelman $275 and he owes Rosenberg $75. The judgment should recognize that Goldberg owes Goldstein 20 per cent of $20,000 or $4,000 plus $275, less $39.60, or $4,235.40; Rosenberg owes Goldstein $1,500, being 7½ per cent of $20,000 less $14.85, or $1,485.15; Zelman owes Goldstein 27½ per cent of $20,000, or $5,500, subject to an offset of $54.45 above mentioned and to a further offset of $203.50 being 27½ per cent of Zelman's capital loss of $740. Zelman's indebtedness to Goldstein is $5,242.05.

The judgment is reversed with directions to amend the conclusions of law and enter judgment in accordance with the views hereinabove stated; costs to appellant.

Vallée, J., concurred.

FORD, J.—I concur except that I would preserve the part of the judgment in favor of respondent Burstein as against appellant Goldstein to the extent of $391.97.