PETER TRIFUNOVIC *v.* MIRKO MARICH.

[No. 3-674A109. Filed March 16, 1976.]

*Zarko Sekerez,* of Merrillville, for appellant.

*Martin A. Karr,* of East Chicago, for appellee.

HOFFMAN, J.—Plaintiff-appellant Peter Trifunovic appeals from a judgment denying his claim against defendant-appellee Mirko Marich for half of the capital loss associated with a partnership which they had formed. Following the overruling of his motion to correct errors Trifunovic perfected this appeal.

The record before us reveals that the parties entered into a partnership agreement on May 12, 1969, to engage in the

enterprise of buying and selling corporate stock. The written agreement creating the relationship underlying the present controversy provided, in pertinent part:

## "WITNESSETH

"Party of the first part and party of the second part does [do] hereby agree to enter into a partnership agreement for the purpose of buying and selling various corporate shares of stock, common or preferred, and both of the said parties herein shall share equally in all profits and losses in the buying and selling of such various corporate shares of stock.

"It is hereby understood and agreed upon by and between the parties hereto that this is a mutual venture for the benefit of each of them.

"It is further hereby understood and agreed upon that the selection of the various corporate stocks to be bought or sold shall rest with the party of the first part, and that the said party of the first part may be advised or counselled in the said selection of such various corporate stocks by the party of the second part whenever the party of the second part shall feel that a purchase of a certain stock should be purchased or sold.

"It is further hereby understood and agreed upon by and between the parties hereto that the party of the first part shall keep complete records of the purchases and sales made of such various corporate stocks and shall also keep records in connection therewith as to losses or profits of such purchases and sales."

From the date of the contract until September 8, 1970, Marich submitted buy and sell orders to Freehling & Co. of Chicago for various stocks, using as capital $9,562.33 which Trifunovic contributed to the venture. By the end of September the partnership had sustained losses of $7,626.86. In dissolving the partnership, the trial court awarded only the remaining capital to Trifunovic, finding that Marich had furnished his share of the capital in services, skill and experience and that there was no right of contribution in favor of Trifunovic.

The sole issue[1] presented by this appeal is whether the

---

1. Appellant's assertion that the decision of the trial court was contrary to all of the evidence is included in this issue.

judgment of the trial court is contrary to law. Marich introduced evidence at trial, without objection, tending to show that he and Trifunovic had made an agreement that Marich would not be required to share in any loss of Trifunovic's investment.

Under the provisions of the Uniform Partnership Act, which has been enacted into law in Indiana, partners have a duty to share in all losses of their partnership. *See,* IC 1971, 23-4-1-18(a) (Burns Code Ed.). Such duty may be enforced against a partner in an action for the dissolution of a partnership, such as the case at bar, by requiring such partner to contribute toward such losses. IC 1971, 23-4-1-18(a), *supra;* IC 1971, 23-4-1-40 (Burns Code Ed.). The partner from whom contribution is sought must repay his fellow partners so that they may obtain the return of their contributed share of the partnership capital to the extent necessary to distribute the burden of any capital loss among the partners according to their right to share in the profits of the partnership. *Goldstein* v. *Burstein* (1960), 185 Cal. App.2d 725, 8 Cal. Rptr. 574; *Smith* v. *Shetter* (1954), 38 Tenn. App. 642, 277 S.W.2d 464; *Caldwell* v. *Herrick* (1955), 382 Pa. 128, 114 A.2d 130; *Glenn* v. *Weill* (1935), 319 Pa. 380, 179 A. 563.

However, as provided in IC 1971, 23-4-1-18(a), *supra,* these duties may be modified by an agreement of the parties. *Cf: Peterson* v. *Peterson* (1969), 284 Minn. 61, 169 N.W.2d 228. In the case at bar, evidence of such an agreement was presented, and apparently given credence by the trial court. The trial court correctly applied the law to the facts of this case as established by the evidence which was introduced. The appellant has not carried his burden of showing that the evidence leads to but one conclusion and the trial court reached a contrary conclusion. *Dyer Constr., Inc.* v. *Ellas Constr., Inc.* (1972), 153 Ind. App. 304, 287 N.E.2d 262.

The judgment of the trial court is affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 343 N.E.2d 825.