# George McKay and Jerome H. Louchheim, Copartners, late trading as George McKay & Co., to use of James H. Louchheim, *v.* Michael O'Rourke, Appellant.

*Contract—Construction of written contract—Question for court.*

A municipal contract for building a bridge contained under the heading, " Paving," the clause, " the entire steel deck of the driveway is to be prepared for paving by being covered with bituminous concrete, to adapt it to the surface of the street, with such variations in depth as may be necessary," and under a separate heading of " New Paving," the clause, " Upon the bituminous concrete, and bedded in fine Portland cement concrete, those portions of the driveway . . . . over the deck are to be paved with granite blocks." M. & Co. entered into a contract with the main contractors that they would " at their own cost and expense construct . . . . granite block paving on bridge and approaches, including the bituminous and cement concrete base." M. & Co. subsequently entered into a contract with O., who agreed " to furnish all the labor and material necessary to do the paving " on the bridge, M. & Co. " to furnish all blocks necessary for the work," the agreement to apply only to the contract which M. & Co. had with the original contractors " for block paving." *Held,* (1) that the contracts made a clear distinction between preparing the driveway of the bridge for paving, by covering it with bituminous concrete, and the paving which was to be done with granite blocks laid upon the concrete; (2) that O. was not bound to lay the foundation of bituminous concrete.

Argued April 3, 1899. Appeal, No. 252, Jan. T., 1898, by defendant, from judgment of C. P. No. 4, Phila. County, June T., 1896, No. 1193, on verdict for plaintiffs. Before STER-RETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Assumpsit for breach of contract. Before WILLSON, J.

At the trial it appeared that the contract was in writing as follows :

"PHILADELPHIA, August 13, 1895.

"This agreement made this day between Michael O'Rourke, general contractor of Philadelphia, of the first part, and George McKay & Company, general contractors of the same city, of the second part, witnesseth: The party of the first part agrees to furnish all the labor and material necessary to do the paving on the Allegheny avenue bridge over Sixth street and approaches now in course of construction according to the city's specification for said bridge, for the sum of three dollars and fifty cents per square yard ($3.50) ; the party of the second part agrees to furnish all the blocks necessary for the work, payment to be made on completion of the work. This agreement applies only to the contract that George McKay & Company have with Jones, Pollard & Company for block pavement."

Jones, Pollard & Company had a contract with the city for the construction of a bridge at the intersection of Sixth street and Allegheny avenue, over the Richmond branch of the Philadelphia and Reading Railroad. This contract, inter alia, provided, in the specification of work to be done, as follows :

"PAVING.

"Bituminous concrete. The entire steel deck of the driveway is to be prepared for paving by being covered with bituminous concrete, to adapt it to the surface of the street, with such variations in depth as may be necessary. . . .

"NEW PAVING.

"Upon the bituminous concrete, and bedded in fine Portland cement concrete, those portions of the driveway of Sixth street and Allegheny avenue, occurring over the deck, are to be paved with granite blocks, having all the joints filled flush with Port-

land cement grouting; the sidewalks bounding on the same to be paved with granolithic concrete."

Jones, Pollard & Company made a contract with plaintiffs for the whole of this work. They in turn made the agreement sued on.

Evidence was offered by plaintiff that this agreement included by its terms the work specified as "bituminous concrete." Defendant offered evidence that it excluded this, and that it only applied to the work specified as "new paving." The difference of cost in these different contentions was $6,000 and upwards.

Defendant declined to do this work, and he was sued for the difference which was expended by the plaintiffs.

Verdict and judgment for plaintiffs for $2,841.41. Defendant appealed.

*Error assigned* was in not instructing the jury that the clear interpretation of the agreement sued on, and of the specifications of the city for said bridge for the paving thereof, excluded the bituminous concrete or base, and that the verdict should have been for the defendant.

*David W. Sellers*, for appellant.

*S. K. Louchheim*, for appellees.

OPINION BY MR. JUSTICE MITCHELL, February 5, 1900:

By the contract between the parties, the appellant agreed "to furnish all the labor and material necessary to do the paving on the Allegheny avenue bridge . . . . now in course of construction according to the city's specifications," etc., the appellees "to furnish all blocks necessary for the work," and the agreement to apply only to the contract which plaintiffs, appellees, "have with Jones, Pollard & Company for block pavement."

The question in dispute is whether the appellant's part under this contract included laying the foundation of bituminous concrete on which the granite blocks were to be laid. The learned judge at the trial, deeming the question not clear on the writing, left it to the jury.

Both parties are engaged in the general business of contract-

ing for work on the city streets, and therefore must be presumed to have used the word "paving," in its quasi-technical sense, as understood by contractors. The city's specifications in its contract with Jones, Pollard & Company, referred to by the parties in the contract now in suit, contain under the heading "Paving," the clause, "the entire steel deck of the driveway is to be prepared for paving by being covered with bituminous concrete, to adapt it to the surface of the street, with such variations in depth as may be necessary," and under a separate heading of "New Paving," the clause, "upon the bituminous concrete, and bedded in fine Portland cement concrete, those portions of the driveway . . . . over the deck are to be paved with granite blocks," etc. These provisions make a clear distinction between preparing the driveway of the bridge for paving, by covering it with bituminous concrete, and the paving which was to be done with granite blocks laid upon the concrete. The plaintiffs were to furnish these blocks, and the agreement in suit was expressly limited to apply only to plaintiffs' contract with Jones & Pollard for the block pavement. Reference to this latter contract shows that it recognizes the two subjects as distinct, for it provides that McKay & Company (plaintiffs) "will at their own cost and expense construct . . . . granite block paving on bridge and approaches including the bituminous and cement concrete base," etc. But when plaintiffs made their agreement with appellant they did not follow the language of their contract with Jones, Pollard & Company, but limited appellant's work to the "block pavement" for which they were to furnish the blocks.

We do not find, therefore, any serious difficulty in the contract, and it should have been construed by the court as not including the bituminous concrete base for the block pavement.

Judgment reversed.