What we said in Cromley v. Penna. R. R. Co., 208 Pa. 445, is applicable here : "It cannot be said that the driver saw the train or should have seen it, because it may have come into view in the 500 (here 585) feet to which his line of vision was at first limited, after he had looked and started to cross. It was probably moving twenty times as fast as he was, and, after coming into view, would cover the distance to the crossing before he could reach a place of safety. Nor can it be said by the court that he was negligent in not seeing and avoiding the train, if it came into his view after he had started on. True, it was his duty to continue to look as he approached the track, but he may have been delayed by the condition of the crossing or by the rearing of his horses. Allowance must be made for these facts and for his bewilderment of mind if, when committed to the act of crossing, he was suddenly confronted with an unexpected and alarming danger."

Our conclusion, upon the whole, is, that the evidence in this case was by no means so clear as to justify the court in finding as a matter of law that the driver and his companion were guilty of contributory negligence.

The second assignment of error is sustained and the judgment is reversed with a procedendo.

---

# Leinbach, Appellant, *v*. Wolle.

*Account stated—Definition—Partnership—Equity.*

An account stated is an account in writing, examined and accepted by both parties; and this acceptance need not be expressed, but may be implied from circumstances.

Where an account of partnership transactions is prepared by an expert, selected by all parties in interest, and a copy of the account is given to each of the parties, and one of the parties makes no objection to it, although he may not have expressly accepted it, the account as to such party is an account stated, and will be a sufficient defense to a bill in equity filed by him against the other partners for an account of partnership transactions.

Argued March 7, 1905. Appeal, No. 155, Jan. T., 1904, by plaintiffs, from decree of C. P. Northampton Co., Feb. T., 1902, No. 5, In Equity, dismissing bill in equity in case of

John E. Leinbach and Mary E. Leinbach, Administrators of Felix W. Leinbach, deceased, v. Clarence A. Wolle, Amanda Kemerer, Albert G. Kemerer, as Administrator of Jacob B. Kemerer, deceased, and individually and Lovina M. Seem. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an account.

SCHUYLER, P. J., filed the following opinion:

This is a bill for an account of partnership transactions on the theory, most unhappily expressed, that no settlement of the partnership accounts has ever been made. The answer sets up an account stated, and thus is raised the only question for present decision. "It is a preliminary question which requires disposition prior to any hearing on the merits : " Dampf's App., 106 Pa. 72 ; Randolph's App., 66 Pa. 178. An account stated is defined by a high authority to be "an account in writing, examined and accepted by both parties. And this acceptance need not be express, but may be implied from circumstances : " Story's Eq. Jur. sec. 526. Tested by this definition is the account set up by the defendants an account stated ? In determining this question all evidence tending to prove errors in the account must be brushed aside as being in contravention of the rule above cited which forbids all inquiry into the merits at this stage of the proceedings—a most excellent rule as our experience in the present case abundantly testifies.

The account in question was prepared by an expert selected by all the parties in interest, and bears upon its face unmistakable evidence of care and skill. When completed a copy of the account was handed to each of the parties. A meeting of the parties was then held at Mr. Leinbach's request, followed by others, at all of which the account was under investigation. After some changes had been made the account in its present form was finally accepted as correct at the last meeting by both Mr. Wolle and Mr. Kemerer. Mr. Leinbach claims that he did not expressly accept the account. In this he is flatly contradicted not only by Mr. Wolle and Mr. Kemerer, but by the expert. But let it be conceded that he did not expressly ac-

cept the account. He admits that he made no objection to it, and his silence under the circumstances must be construed as the equivalent of consent. Beyond doubt, therefore, the account in question is a stated account and I so find.

The court subsequently entered a final decree dismissing the bill.

*Error assigned* was the decree of the court.

*George R. Booth* and *John D. Hoffman*, for appellant.

*H. C. Cope* and *Kirkpatrick & Maxwell*, for appellee were not heard.

PER CURIAM, May 1, 1905:

This decree is affirmed on the opinion of the court below.

---

## Skiles's Estate.

*Principal and surety—Contribution—Banks and banking.*

Where two directors of an insolvent bank are legally adjudged to have moneys of the bank in their possession, and one of the directors has paid a note of the bank on which he and the other director were sureties, and it appears that the amount of the judgment against the directors was much larger than the amount of the note, the director paying the note has no right to contribution against the other director; and the fact that the creditors of the bank subsequently settled for much less than the amount of their claim, gave rise to no equities between the two directors.

Argued March 7, 1905. Appeal, No. 28, Jan. T., 1905, by Q. P. Ahl, administrator, from decree of O. C. Franklin Co., dismissing exceptions to auditor's report in Estate of Henderson G. Skiles, deceased. Before MITCHELL. C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of D. Watson Rowe, Esq., auditor.
The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to auditor's report.