## Wylam v. Wylam, etc.

*Morris C. Solomon,* for plaintiff.

*Harpur M. Tobin,* for defendant.

CRUMLISH, J., November 18, 1940.—Plaintiff instituted an action in assumpsit against his former partner for recovery of salary and profits due and owing to him by defendant according to audits prepared by a public accountant, who had been selected for that purpose by defendant and in which selection plaintiff acquiesced and which audits were approved by both parties.

Defendant has ruled plaintiff for a more specific statement claiming that plaintiff has failed to set forth (*a*) whether the alleged copartnership was under an oral or written agreement and the date and terms thereof; and

(*b*), whether the alleged employment of plaintiff, "primarily that of production manager", was by oral or written contract and the date and terms thereof.

From an examination of the statement of claim, it is apparent that plaintiff does not rely upon his contract with defendant but rather upon the account prepared and set up by the public accountant. Where an account of partnership transactions is prepared by an expert, selected by all parties in interest, and a copy of the account is given to each of the parties, and one of the parties makes no objection to it, although he may not have expressly accepted it, the account as to such party is an account stated: Leinbach v. Wolle, 211 Pa. 629 (1905). As stated in Bowden Const. Co. v. Hagenbuch, 6 D. & C. 132 (1924) :

"The present statement of claim is intended to set forth a cause of action upon an account stated, that is, upon an account which has been examined and approved by the defendant. It is entirely clear from the statement filed that the controversy between the parties to this action did not have its origin in an express contract. An action upon an account stated is founded upon an implied promise that he against whom the balance appears has engaged to pay it to the other, although there be no actual promise. It is only in actions founded upon express contracts that the statement of claim must show whether the contract is oral or written."

Consequently, it is not necessary for plaintiff to set forth the original contract between the parties in order to comply with the Practice Act of May 14, 1915, P. L. 483: Harper v. Lukens, 271 Pa. 144, 147-8 (1921) ; Georges Twp. v. Union Trust Co., 293 Pa. 364, 377-8 (1928) ; Merion Township School Dist., to use, v. Evans et al., 295 Pa. 280, 285 (1929).

Accordingly, the rule for a more specific statement of claim is dismissed with leave to defendant to file an affidavit of defense within 15 days from the date hereof.