## Wathen v. Brown, Appellant.

Argued March 20, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Otis W. Erisman,* with him *Walter Y. Howson,* and *Truscott, Kline, O'Neill & Howson,* for appellant.

*George J. McConchie,* with him *Ralph B. D'Iorio,* and *Cramp and D'Iorio,* for appellee.

OPINION BY MONTGOMERY, J., April 18, 1963:

This case began as an assumpsit action brought upon an oral agreement. The suit resulted in a verdict in the amount of $3,000 and the appeal was taken after the court below refused motions for a new trial and judgment n.o.v.

On May 28, 1957, appellee, John B. Wathen, and appellant, Alfred G. Brown, entered into an oral contract of partnership for the purpose of merchandising a sign to be used in service stations and garages. Before entering into the agreement appellee had expended approximately $7,300 for the initial inventory order and was looking for additional capital. By the terms of the oral agreement appellant was to obtain a 25 per cent interest in the Wathen Company for paying the appellee the sum of $7,000, $4,000 of this sum to be payable when it became necessary to make a second order of inventory. Pursuant to the aforesaid agreement, appellant paid the appellee the sum of $4,000 on July 5, 1957.

Two or three days prior to November 8, 1957, appellee asked the appellant for the balance of the $7,000. On November 8, 1957, appellant informed the appellee that he was not going to pay the $3,000 and that he wanted the $4,000 back that he had already put in, or he was going to close the business. After consulting his attorney, the appellee attempted to get the appellant to accept in settlement a sum less than the $4,000 that he had paid in because the business had suffered losses. Appellant refused. However, he finally agreed to take the demanded $4,000 in the form of three promissory notes, the first one in the amount of $1,500 due June 1, 1958, the next in the amount of $1,250 due June 1, 1959 with interest at six per cent, and the

third note in the amount of $1,250 due June 1, 1960 with interest at six per cent per annum. The dissolution agreement was reduced to writing by appellee's attorney and provided, inter alia, for the payment by Wathen to Brown of the sum of $4,000 in the form of the three notes set forth above. In consideration of this payment Brown assigned to Wathen all his right, title and interest in the partnership assets. Wathen assumed all the liabilities of the partnership and the partnership was dissolved as of December 9, 1957. The appellee paid the appellant the first note on or about June 1, 1958, and the second note on or about June 9, 1959.

The appellee alleges that in June of 1959 he wrote to the appellant asking that the money which had been paid to the appellant in accordance with the dissolution agreement be repaid to him, and that the third note which was yet unpaid be returned. Appellant denies ever receiving this letter.

The appellant obtained judgment against the appellee for the amount of the third note, $1,250, and the judgment was collected through garnishee proceedings.

On November 15, 1960, the appellee filed a complaint in assumpsit alleging that the appellant owed the appellee $3,000 under the terms of the oral partnership agreement which the appellant in his answer denied. On November 9, 1961, the jury returned a verdict in favor of the appellee in the sum of $3,000. On the same day the appellant filed motions for a new trial and judgment n.o.v., principally assigning as error the failure of the trial judge to rule, as a matter of law, that the dissolution agreement of December 9, 1957 wiped out any obligation that the appellant may have had to pay the appellee the remaining $3,000, and refusing to grant appellant's request for binding instructions in favor of the appellant. After the hearings the motions were dismissed and judgment entered.

The appellant contends that the agreement of dissolution of partnership itself, without resort to extrinsic evidence, clearly shows, as a matter of law, that any obligation on the part of the appellant to pay the balance of his capital contribution was wiped out.

The rule is well settled that parties to a contract may rescind it by making a new contract inconsistent therewith and that such agreement need not be expressed. Mutual assent to abandon the contract may be inferred from attending circumstances and the conduct of the parties. *Muchow v. Schaffner*, 180 Pa. Superior Ct. 413, 119 A. 2d 568. A contract between the same parties containing a term inconsistent with a term of an earlier contract is interpreted as including an agreement to rescind the inconsistent term in the earlier contract. Williston on Contracts (Rev. Ed.), Vol. VI, §1826. A partnership settlement agreement covering all firm affairs bans the assertion of any claim inconsistent therewith. *Leinbach v. Wolle*, 211 Pa. 629, 61 A. 248.

One of the essential elements of every partnership agreement is the amount of capital contribution that the parties are to make. When partners agree on a basis for dissolution and one partner retires from the firm for the consideration stated in the agreement of dissolution, the presumption is that the value of the retiring partner's interest was agreed upon after consideration of all the firm's assets and liabilities, and that the account of the retiring member of the firm was adjusted in ascertaining the value of his interest and that value was increased or diminished in proportion as he was found to be a debtor or creditor of the firm, if nothing be shown to the contrary. *Beaumont v. Sharpless*, 45 Pa. Superior Ct. 575.

A dissolution agreement therefore is, in and of itself, inconsistent with any continuing obligation to make a partnership contribution. All of the retiring

partner's debts to the partnerships or charges against the partnership must be presumed to be figured in the final settlement as evidenced by the dissolution agreement. Once the partnership is dissolved and settlement made pursuant to the terms of the agreement the partnership relation between the parties terminates, except for a continuing liability on the part of the retiring partner for debts which may arise after dissolution but have their origin in former partnership business. Dissolution of partnership is usually accompanied by liquidation of the assets, but where the withdrawing partner is repaid his partnership contribution by the continuing partners, together with his share of accumulated profits, liquidation is not necessary. Crane on Partnership, (2nd Ed.) Sec. 74(c). There was no liquidation here, but rather a complete settlement of the retiring partner's interest.

It is completely inconsistent that the appellee should agree in the dissolution agreement to pay the appellant $4,000, if there were any outstanding obligations at that time for the appellant to pay the appellee $3,000.

The learned trial judge in his opinion emphasizes the fact that the dissolution agreement does not contain a release clause nor an integration clause and that therefore the interpretation of it was one of intent for the jury's determination rather than a matter of law for the judge. Parties to a contract may rescind it by making a new contract inconsistent therewith. *Klugh Estate*, 362 Pa. 166, 66 A. 2d 822; Restatement, Contracts, §408. This is obviously what was done in the present case. In paragraph four of the dissolution agreement the appellee covenants and assumes to pay and satisfy all the debts and liabilities of the partnership, thereby releasing the appellant from his legally continuing liability. We therefore conclude that the agreement was a full release. In order for the appellee to have preserved his claim against the ap-

pellant for his capital contribution he should have specifically provided for the preservation of the claim in the dissolution agreement. When the appellant demanded repayment of his contribution the appellee had only two choices: to accede to the demand, or to suffer the loss of his own investment in the closing of the business. He chose the former and completely released the appellant. The dissolution agreement may have been improvident on the part of the appellee, but he cannot complain now in an attempt to recoup what he released after he had achieved his immediate goal, viz., preserving the business.

The construction and legal effect of an unambiguous written contract is a question of law for the court. *Keefer v. Sunbury School District*, 203 Pa. 334, 52 A. 245; *George McKay and Jerome H. Louchheim, Copartners v. Michael O'Rourke*, 194 Pa. 471, 45 A. 327. There was no ambiguity present in the dissolution agreement and it was a complete release and bar against any claims upon the appellant arising out of the partnership. Since its terms were inconsistent with the terms of the partnership agreement, the court should have ruled as a matter of law that the partnership agreement and all provisions thereof were effectively rescinded.

Judgment reversed and entered for appellant-defendant.