## Ryon v. Andershonis

*William R. Mosolino*, for plaintiff.

*W. J. Krencewicz*, for defendant.

DALTON, J., March 13, 1967.—Plaintiff, who is an insurance broker, sues for premiums on various insurance policies allegedly sold and delivered to defendant. The matter is before us on preliminary objections to the complaint consisting of a motion to strike and a motion for a more specific pleading.

The first count of the complaint has attached thereto exhibit "A", which purports to be a copy of plaintiff's book of original entry. The exhibit is faint and blurred in appearance and, at some points, almost illegible. It contains 56 items covering a period of time from March 29, 1961, to January 23, 1965. Although the exhibit indicates upon its face that no balance was due as of August 28, 1962, it includes 27 items prior to that date. The body of the complaint admits credits in the lump sum of $1,765.29, but the exhibit contains no items specifically designated as credits. All items, whether they be debits or credits, are set forth in the same column headed by the word "Premium".

Defendant is entitled to a more informative statement of the account, with items not in issue eliminated, and debits and credits properly identified, itemized and segregated. The objections to the first count are sustained.

The second count alleges:

"9. On November 28, 1964, and previous thereto, defendant had a running account with plaintiff for the purchase of policies of insurance.

"10. On November 28, 1964, there was a balance due from defendant to plaintiff on said account of $1,169.48.

"11. Said account has been stated to defendant and demands have been made by plaintiff for payment of the amount due, but defendant has refused and still refuses and neglects to pay the same".

Plaintiff contends that the foregoing averments state a cause of action on an account stated. We do not agree. An account stated is " 'an account in writing, examined and accepted by both parties' ": Leinbach v. Wolle, 211 Pa. 629. To produce an account stated, the account must be rendered, and the other party must accept, agree to or acquiesce in the correctness of the account: David v. Veitscher Magnesitwerke Actien Gesellschaft, 348 Pa. 335, 341-42. Mutual assent to the correctness of the computation is essential to an account stated: Restatement, Contracts, §422.

Here, there is no allegation that defendant assented to the correctness of the account submitted to him. On the contrary, it is alleged that defendant refused to pay it.

Furthermore, since an account stated would normally be in writing, a copy of the account submitted to defendant and examined and agreed to by him would have to be attached to the pleading: Pennsylvania Rule of Civil Procedure 1019 (h). This has not been done.

As the pleading presently stands, the second count of the complaint is merely a demand for a lump sum without adequate supporting data. Defendant's objection to the second count is, therefore, sustained.

And now, March 13, 1967, the preliminary objections to the complaint are sustained. Plaintiff is allowed 20 days from this date to file an amended complaint.