## Target National Bank v. Guida

C.P. of Centre County, no. 2990-5199.

*Gregg L. Morris*, for plaintiff.
*James N. Bryan*, for defendant.

364

KISTLER, *J.*, March 12, 2010—Presently before the court is Target National Bank's motion for judgment on the pleadings. A hearing was held on March 1, 2010, and plaintiff has provided this court with a memorandum of law. The issue of contention in this motion is whether Ms. Guida's answer admits or incorrectly denies the averments in the complaint and therefore lends itself to be susceptible to Target National Bank's motion for judgment on the pleadings. For the following reasons the court grants Target National Bank's motion for judgment on the pleadings.

## DISCUSSION

At issue are Ms. Guida's responses in her answer to paragraphs three through 11 of Target National Bank's complaint. Paragraphs three through 11 of the answer each state the following, "After reasonable investigation, the defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same and demands strict proof at the time of trial." Target National Bank contends that this response amounts to a general denial which should have the effect of an admission for purposes of deciding this motion.

Pa.R.C.P. 1029(b) states, "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission." Subdivision (c) provides, "A statement by a party that after reasonable investigation the party is without knowledge or information sufficient

to form a belief as to the truth of an averment shall have the effect of a denial." However, the note to subsection (c) states, "Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false." See also, *Cercone v. Cercone*, 254 Pa. Super. 381, 388-89, 386 A.2d 1, 4 (1978) ("This denial is patently insufficient since it is clear that the defendants must know whether or not they received the payment. They cannot be heard to say that they are without knowledge or information sufficient to form a belief as to the truth of such averments.").

Upon review of Ms. Guida's corresponding answers to paragraphs three through 11 of the complaint, the court determines that Ms. Guida has failed to specifically deny any of these averments. Therefore the court must determine whether Ms. Guida's responses to paragraphs three through 11 of the complaint are properly plead under the 1029(c) general denial exception. The court determines that Ms. Guida's responses to paragraphs three, four, and six through 11 of the complaint fail to satisfy the requirements of Pa.R.C.P. 1029(c). It is clear that Ms. Guida must know whether or not these averments are true or false and therefore Ms. Guida cannot rely on Pa.R.C.P. 1029(c). However, the court determines that Ms. Guida's general denial to paragraph five of the complaint is privileged under Pa.R.C.P. 1029(c). Paragraph five of the complaint states, "plaintiff maintains accurate books of account recording all credits and debts for this account." This is precisely the type of allegation where a general denial under Pa.R.C.P. 1029(c) is proper. In this instance the truthfulness or falsity of this statement is clearly outside the immediate knowledge of Ms. Guida

and therefore her corresponding answer is a proper response alleging a general denial pursuant to Pa.R.C.P. 1029(c). Although the court determines that not all the allegations in the complaint have been admitted, the court must still decide whether Target National Bank has met its burden in its motion for judgment on the pleadings.

"A motion for judgment on the pleadings will be granted only where, on the facts averred, the law says with certainty no recovery is possible." *Piehl v. City of Philadelphia*, 987 A.2d 146 (Pa. 2009). "Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary." *Bowman v. Sunoco Inc.*, 986 A.2d 883, 886 (Pa. Super. 2009). "A material fact is one that directly affects the outcome of the case." *Beach v. Burns International Security Services*, 406 Pa. Super. 160, 164, 593 A.2d 1285, 1286 (1991) (defined in the context of a motion for summary judgment). "In conducting this inquiry, the court should confine its consideration to the pleadings and relevant documents." *Piehl*, 987 A.2d 146 (Pa. 2009) (citing *SN Inc. v. Long*, 208 Pa. Super. 38, 220 A.2d 357 (1966)).

Upon review of the complaint the court determines that there are no material facts in dispute to prevent Target National Bank from prevailing in its account stated action. Our Supreme Court defines an account stated as "an account in writing examined and accepted by both parties. And this acceptance need not be express, but may be implied from circumstances." *Leinbach v. Wolle*, 211 Pa. 629, 630, 61 A. 248 (1905)(citing Story's Eq. Jur. §526). In *Leinbach,* there was a dispute arising over a bill for an account of partnership transactions. In

order to settle this dispute, the three partners agreed to hire an expert to value the account. When the expert rendered a final value two of the parties expressly consented that it was correct while Mr. Leinbach, the third partner, remained silent regarding the correctness of the expert's valuation. The Supreme Court determined that Mr. Leinbach's failure to raise an objection to the value at the time it was rendered by the expert resulted in his implied consent to the value of the account stated.

In the instant case, Ms. Guida admits that she opened an account with Target National Bank and was provided with monthly statements as to the value of the balance of her account. Ms. Guida admits that she never raised an objection to the value of the account and continued to make payments towards this balance. Just as in *Leinbach*, the fact that Ms. Guida failed to object to the value of the account means that she had impliedly consented to the $4,706.22 overdue. The fact that Ms. Guida disputes Target Bank's bookkeeping is immaterial due to her failure to object to any of the balances provided to her by Target National Bank. As a result, the court determines that Target Bank has established an account stated and its motion for judgment on the pleadings is hereby granted.

## ORDER

And now, March 12, 2010, Target National Bank's motion for judgment on the pleadings is hereby granted.