**American Express Centurion Bank v. Sebia.**

*Jordan Felzer,* for plaintiff.
*Cynthia S. Ray,* for defendant.

NANOVIC, *J.*, December 7, 2012—As is often the case in credit card collection cases, the parties here dispute not only the amount, but also the obligation of the credit card holder for unpaid principal, interest, attorney fees and penalties claimed by the issuing bank. What distinguishes this case from a typical debt collection proceeding, and is critical to our decision, is the need to determine what cause or causes of action plaintiff has set forth in its complaint.

At trial, the plaintiff, American Express Centurion Bank ("Bank"), was unsure of its cause of action: whether for an account stated, for breach of contract, or for both. The

defendant, Alfonso Sebia ("Sebia"), argued neither cause of action was proven, but to the extent one was pled, it was for breach of contract.

## PROCEDURAL AND FACTUAL BACKGROUND

Bank commenced this action by complaint filed on February 22, 2010. Preliminary objections alleging, inter alia, insufficient specificity were filed and granted, with leave to file an amended complaint. This was duly filed on August 26, 2010. Therein, the Bank alleged that Sebia applied for and obtained a credit card from the Bank; that Sebia's credit card account was opened on or about January 17, 1994, pursuant to a written cardmember agreement in effect at all times relevant; that pursuant to the cardmember agreement, Sebia was given the right to make purchases for a promise to timely pay the unpaid principal balance plus interest, fees and penalties when applicable; that Sebia used the account which, as of January 2009, had an unpaid overdue balance of $10,073.92, with the most recent payment made on or about September 4, 2008, in the amount of $250.00;[1] and that Sebia had "failed to make timely payments on the account, although demand was made for said payments, thereby breaching the contract." Also attached to the complaint and incorporated by reference were monthly credit card statements on the account for the period beginning February 2008 and ending

---

1. No other payments are alleged in the complaint or credited in any of the billing statements attached as exhibits. Nor is there any averment that Sebia at any time assented to the correctness of the account or that billing statements were submitted to him and retained for an unreasonable length of time without payment.

February 2009, and a cardmember agreement purported to be that for Sebia's account.[2]

The complaint consists of fifteen numbered paragraphs. All are beneath the heading "first count," even though no additional counts are identified in the complaint. Sebia essentially denied all allegations of the complaint, in the process denying that he applied for, received, used, or made payments on the credit card which is the subject of these proceedings.

A nonjury trial was held on February 10, 2012. At this trial, Bank presented no witnesses and elected to try its entire case through the use of documents offered pursuant to Pa.R.C.P. 1311.1. These documents consisted of billing statements for the account from February 9, 2005 through April 10, 2009, Exhibits P-1 through P-47, and six checks making payments on the account at various times between June 21, 2005 and April 25, 2006, Exhibits P-48 through P-53, purportedly written by Sebia to the order of American Express. The unpaid balance evidenced by the account statements, as of the last statement, was $10,154.05.[3] Sebia presented no evidence in his defense and was not personally present at trial.

## DISCUSSION

Count one of the complaint clearly sets forth a claim for breach of an express contract. "In a claim for breach of

---

2. The cardmember agreement attached to the complaint consisted of twelve typewritten pages, contained no signature or signature line, and bore a generation date of January 2009.

contract, the plaintiff must allege that there was a contract, the defendant breached it, and plaintiff suffered damages from the breach." *Discover Bank v. Stucka*, 33 A.3d 82, 87 (Pa.Super. 2011) (citation and quotation marks omitted). Here, the complaint identifies and attaches the professed contract which is the subject of the action — the cardmember agreement, alleges its terms were breached by Sebia's failure to make timely payments when due, and claims $10,073.92 is due and owing.

Notwithstanding these averments, at the time of trial, Bank failed to prove a breach of the cardmember agreement. In fact, Bank never sought to introduce or have admitted the cardmember agreement attached to the complaint, or to prove any other express agreement. Having failed to prove the existence or terms of an express contract whose terms were breached, Bank failed to prove a case for breach of an express contract and entitlement to damages thereunder.

What was proven was Sebia's acceptance of Bank's offer to open a credit card account by his use of the credit card issued to purchase goods and services. Also proven was that Sebia, on various specified dates, made payments on the credit card balance, as billed, and then continued to use the card. The Bank further proved that Sebia's course of conduct established his understanding and acceptance of certain terms and conditions for use of the credit card account and that Sebia breached these terms by failing to make required payments when due.

In accordance with the foregoing, while we believe the Bank's evidence, if accepted, establishes the existence of a contract implied in fact and its breach, this cause of action was never pled nor did Bank ever seek to amend its pleadings to assert such claim.

> A contract implied in fact arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from their acts in the light of the surrounding circumstances. An implied contract may be found to exist where the surrounding circumstances support a demonstrated intent to contract.

*Stucka*, 33 A.3d at 88-89 (241 Pa. Super. 2011) (citations and quotation marks omitted). Absent the pleading of this claim, Bank is not entitled to recovery on this basis. See *Birchwood Lakes Community Association, Inc. v. Comis*, 442 A.2d 304, 309 (Pa.Super. 1982) ("If a plaintiff fails to succeed in his claim based on an express contract he may not then attempt to demonstrate a contract implied in fact unless such has been averred in the complaint."); see also *Allegheny Ludlum Industries, Inc. v. CPM Engineers, Inc.,* 420 A.2d 500, 501-502 (Pa.Super. 1980) ("The wrong which may be proved must be the wrong which has been alleged, not merely another wrong in the same legal category.").

Nor did Bank's complaint allege a prima facie case for a cause of action sounding in account stated. The essence of a common law action for an account stated is

an agreement, either express or implied, based upon prior transactions, between two parties as to the correctness of an amount due. *Connolly Epstein Chicco Foxman Engelmyer & Ewing v. Fanslow*, 1995 WL 686045 at *5 (E.D.Pa. 1995); see also *David v. Veitscher Magnesitwerke Actien Gesellschaft*, 348 Pa. 335, 341-342, 35 A.2d 346, 349 (1944) (finding that the essence of an account stated consists in the rendering of an account whose accuracy the other party has accepted, agreed to, or acquiesced in).

An account stated is an "account in writing, examined and accepted by both parties, which acceptance need not be expressly so, but may be implied from the circumstances." *Robbins v. Weinstein*, 17 A.2d 629, 634 (Pa.Super. 1941).

An "account stated" traditionally arises when two parties, who engage in a series of transactions with one another, come together to balance the credits and debits and fix upon a total amount owed. See *David v. Veitscher Magnesitwerke Actien Gesellschaft*, 348 Pa. 335, 35 A.2d 346, 349 (1944). This final tally, once assented to, becomes the "account stated," and any further cause of action is based on this "account stated" rather than on any of the underlying transactions. *Id.*

The effect of an account stated is that

[t]he amount or balance so agreed upon constitutes a new and independent cause of action, superseding and merging the antecedent causes of action represented by the particular items. It is a liquidated debt, as binding

as if evidenced by a note, bill or bond. Though there may be no express promise to pay, yet from the very fact of stating the account the law raises a promise as obligatory as if expressed in writing, to which the same legal incidents attach as if a note or bill were given for the balance.

*Richburg v. Palisades Collection LLC,* 247 F.R.D. 457, 464-65 (E.D.Pa. 2008) (citations and quotation marks omitted).

A cause of action for an account stated, though sounding in contract, is separate and apart from the specific contractual claims one could bring on the underlying transactions. *Id.* at 465.

It is an agreement between debtors and creditors. The parties agree to a consolidated statement of debt, give up their right to bring suit on any of the underlying debts, and create a duty to pay. Restatement (Second) of Contracts § 282 (1981); Restatement of Contracts § 422(1) (1932). The "account stated" is "a debt as a matter of contract implied by law. It is to be considered as one debt, and a recovery may be had upon it without regard to the items which compose it." 29 Williston on Contracts § 73:58 (2007).

*Id.*

In the context of setting forth the pleading requirements for a complaint alleging a cause of action for an account stated, the court in *Rush's Service Center, Inc. v. Genareo,*

stated the following:

> The idea behind an action upon account stated is that a preceding contract has been discharged and merged into a stated account which is based upon the earlier contract. *McKinney v. Earl L. Cump Inc.*, 2 Adams Leg. J. 132 (1961). The necessary averments in a complaint based upon an account stated is that there had been a running account, that a balance remains due upon that account, that the account has been rendered unto the defendant, that the defendant has assented to the account and a copy of said account is attached to the complaint. *Ryon v. Andershonis*, 42 Pa. D. & C.2d 86 (1967). See also, *Fischer v. Hyland Davry Co.*, 56 Luzerne Leg. Reg. 255 (1966)....

> The complaint need not set forth the nature of the original transaction. Fischer, supra; *Erie Insurance Exchange v. Foltz*, 34 Beaver L.J. 61 (1974). Neither is the subject matter of the original debt nor a promise to pay necessary. *McKinney*, supra. The alleged facts upon which the averred acceptance of the account is based are also not obligatory in the complaint. *Snyder v. Blain*, 49 Luzerne Leg. Reg. 1 (1959). The acceptance need not be express, but may be implied. *Fischer*, supra; *Donahue v. Philadelphia*, 157 Pa. Super. 124, 41 A.2d 579 (1944).

> The party relying upon the account stated need not individually set forth the items of which the account consist. *Fischer*, supra; Erie Insurance Exchange, supra.

> That is to say that plaintiff is not required to itemize the account. *Weiner v. Gable*, 26 Lehigh L.J. 387, 69 York Leg. Rec. 119 (1955); *Knedler v. Clouse*, 53 Dauphin Rep. 228 (1943). Details of the book account upon which the claim is founded are not indispensable to the complaint. *Datto v. Corrizan*, 47 Lacka. Jur. 241 (1946).

10 D. & C.4th 445, 447-48 (Lawrence Co. 1991) (emphasis added).

While Bank's complaint evidences a running account — an account opened in 1994 and billing statements for the period from February 2008 through February 2009 inclusive, and an unpaid balance as of February 2009 of $10,073.92, critically absent from the complaint is any averment that any account for the period ending in February 2009 was submitted to Sebia or that the correctness of such account was accepted, agreed to or acquiesced in by him. See Citibank (South Dakota) N.A., *Bank v. Ananiev*, 13 D. & C.5th 557, 559 (Monroe Co. 2010) ("[T]he complaint must include allegations which would support a finding that the cardholder has agreed to, or acquiesced in the correctness of the account."); *Ryon v. Andershonis*, 42 D. & C.2d 86, 87 (Schuylkill Co. 1967) (holding that, at a minimum, the plaintiff must allege that the defendant "assented to the correctness of the account submitted to him."). This is essential since the sine qua non of a claim premised upon an account stated is mutual assent to the correctness of the computation. Moreover, when asserting assent, it is not enough to simply aver or

prove that billing statements were mailed but not responded to by the cardholder. *Target National Bank v. Kilbride,* 10 D. & C.5th 489, 492 (Centre Co. 2010) (quoting *C-E Glass v. Ryan,* 70 D. & C.2d 251, 253 (Beaver Co. 1975)); accord, *Braverman Kaskey v. Toidze,* 2011 WL 4851069 at *4 (E.D.Pa. 2011) ("Under Pennsylvania law, [plaintiff's] allegation that [defendant] never contested its bills is not sufficient to show acquiescence in the correctness of the account.").

Again, as was the case for a potential claim for breach of a contract implied by law, Bank made no request at trial, or previously, to amend its pleadings to include a claim for account stated or to conform the complaint to the evidence offered and admitted. See Pa.R.C.P. 1033 (Amendment); see also *Tindall v. Friedman,* 970 A.2d 1159, 1171 (Pa. Super. 2009) (noting that Rule 1033 has been interpreted to allow amendments *at any stage of the trial* proceedings with the caveat that amendment cannot result in "unfair surprise or prejudice to the other party" and further stating that "if the amendment contains allegations which could have been included in the original pleading, as is the usual case, then the question of prejudice is presented by the time at which it is offered rather than by the substance of what is offered") (citations omitted and emphasis in the original). In this regard, it is important to add that neither Sebia nor anyone on his behalf appeared at trial to testify, the record is closed, and a verdict has been rendered.

## CONCLUSION

The complaint upon which the Bank's claim is based asserts a cause of action for breach of a specific express written contract between the parties. Because Bank has failed to prove the existence of this contract, or any other express agreement, Bank's claim must fail. See *Commonwealth Financial Systems v. Smith*, 13 D. & C.5th 1 (Delaware Co. 2010) (denying plaintiff's motion for post-trial relief for, among other reasons, plaintiff's failure to present the original contract between the parties, thereby failing to establish the first element of its action for breach of contract).